J-S51011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAFAEL ELIAS GRANDE, | |
| Appellant | No. 143 MDA 2014 |

Appeal from the PCRA Order December 16, 2013
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000256-2012

BEFORE:  BOWES, OTT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                **FILED AUGUST 21, 2014**

Rafael Elias Grande appeals from the December 16, 2013 order denying his first PCRA petition.  We affirm.

On June 27, 2012, Appellant pled guilty to persons not to possess firearms.  In exchange for his plea, the Commonwealth agreed to recommend a minimum sentence of three and one-half years, a term that is at the bottom of the standard range of the sentencing guidelines.  The parties agreed that the sentencing court would determine the maximum term of imprisonment following review of the presentence investigation report and a sentencing hearing.

The trial court iterated the factual basis of the guilty pleas as follows:

> In the early morning hours of August 16, 2011, Patrolman Fisher of the Lebanon City Police Department encountered DEFENDANT in the 200 block of North 5th Street. In his police report, Officer Fisher explained that DEFENDANT was holding an

object at his side. As he approached DEFENDANT, however, he realized that the object was no longer in his hand. A screening of the surrounding area revealed a [rifle] in the grass located near DEFENDANT. Patrolman Fisher noted that while the grass around the weapon was wet, the top side of the weapon was dry. At that point, he believed that the item he saw in DEFENDANT's hand moments earlier was the same weapon he located on the ground.

A review of DEFENDANT'S criminal history by Detective Verna of the Lebanon City Police Department indicated that DEFENDANT had been convicted of a felony in another state which would prohibit him from possessing a firearm in the Commonwealth of Pennsylvania. Accordingly, DEFENDANT was charged with Person Not To Possess, Use, Manufacture, Control, Sell, or Transfer Firearms pursuant to 18 Pa.C.S. 6105(A)(1). The crime for which DEFENDANT was charged carries a statutory maximum of 10 years imprisonment.

Trial Court Opinion, 3/17/14, at 3.

The trial court accepted the guilty plea on June 27, 2012, and on August 22, 2012, it imposed three and one-half to eight years imprisonment. Appellant failed to file a direct appeal; however, on April 10, 2013, he timely filed a *pro se* PCRA petition raising several issues, including: 1) his guilty plea was unlawfully induced due to plea counsel's ineffective assistance; and 2) counsel failed to file a direct appeal on his behalf. **See** PCRA Petition, 4/10/13, at 2-3, 7.

Appointed counsel filed an amended petition, and following an evidentiary hearing in which Appellant and plea counsel both testified, on December 16, 2013, the PCRA court denied Appellant's PCRA petition. This timely appeal followed.

Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the PCRA court issued a Rule 1925(a) opinion.[1]  He presents a single issue for our review:  "Whether plea counsel was ineffective for unlawfully inducing [Appellant] to plead guilty where plea counsel refused to consider [Appellant's] wish to take his case to trial?"  Appellant's brief at 4.

This court has often stated, "[o]ur standard of review in an appeal from the grant or denial of PCRA relief requires us to determine whether the ruling of the PCRA court is supported by the record and is free from legal error." *Commonwealth v. Lesko*, 15 A.3d 345, 358 (Pa. 2011).

> This review is limited to the findings of the PCRA court and the evidence of record. *Id.*  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. *Id.*  This Court may affirm a PCRA court's decision on any grounds if the record supports it. *Id.*  Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa.Super. 2011). However, we afford no such deference to its legal conclusions. *Commonwealth v. Paddy*, 609 Pa. 272, 15 A.3d 431, 442

_____

[1] While Appellant asserted in his counseled PCRA petition and Rule 1925(b) statement plea counsel's ineffectiveness for failing to file a requested direct appeal, the record demonstrates that Appellant abandoned this claim during the PCRA hearing.  Specifically, in response to the PCRA court's directive that counsel outline all of the issues that Appellant sought to pursue during the hearing, counsel confirmed, "[Appellant] is stating that he was induced to pled guilty by his trial counsel because counsel refused to prepare for trial or work with [him].  That would be the only issue, Your Honor." *See* N.T. PCRA Hearing, 12/16/13, at 4.  Additionally, Appellant does not level this claim in his brief.  Thus, we do not address it.

- 3 -

(2011); ***Commonwealth v. Reaves***, 592 Pa. 134, 923 A.2d 1119, 1124 (2007). Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. ***Commonwealth v. Colavita***, 606 Pa. 1, 993 A.2d 874, 886 (2010).

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012).

Instantly, Appellant contends that his guilty plea was induced by counsel's ineffectiveness. In ***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012), our Supreme Court reiterated the applicable legal principles relating to the right to constitutionally effective counsel as follows:

> Appellant may only obtain relief if [he] pleads and proves by a preponderance of the evidence that [his] conviction resulted from ineffective assistance of counsel that, under the circumstances, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***See*** 42 Pa.C.S. § 9543(a)(2)(ii). The Pennsylvania test for ineffectiveness is, in substance, the same as the two-part performance-and-prejudice standard set forth by the United States Supreme Court, ***see Strickland v. Washington***, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), although this Court has divided the performance element into two sub-parts dealing with arguable merit and reasonable strategy. Thus, to succeed on an ineffectiveness claim, a petitioner must establish that: the underlying legal claim has arguable merit; counsel had no reasonable basis for her action or inaction; and the petitioner suffered prejudice as a result. ***See Commonwealth v. Pierce***, 515 Pa. 153, 158–60, 527 A.2d 973, 975–76 (1987). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Strickland***, 466 U.S. at 694, 104 S.Ct. at 2068; ***accord Commonwealth v. Cox***, 603 Pa. 223, 243, 983 A.2d 666, 678 (2009). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. ***See Commonwealth v. Ali***, 608 Pa. 71, 86– 87, 10 A.3d 282, 291 (2010). No relief is due, however, on any claim that has been waived or previously litigated, as those

terms have been construed in the decisions of this Court. **See** 42 Pa.C.S. § 9543(a)(3).

**Commonwealth v. King**, 57 A.3d 607, 613 (Pa. 2012).

As it relates to the entry of a guilty plea, allegations of plea counsel's ineffectiveness will not form a basis for relief unless the alleged ineffectiveness caused the defendant to enter the plea involuntarily or unknowingly. **See Commonwealth v. Anderson**, 995 A.2d 1184, 1192 (Pa.Super. 2010). Voluntariness is gauged in terms of "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id**. (quoting **Commonwealth v. Moser**, 921 A.2d 526, 531 (Pa.Super. 2007)). In assessing a guilty plea, we review the totality of the circumstances and the entire record, including plea counsel's testimony during the PCRA hearing. **Commonwealth v. Morrison**, 878 A.2d 102, 107 (Pa.Super. 2005) (*en banc*).

The crux of Appellant's complaint is that plea counsel's ineffectiveness in advising him to accept the three-and-one-half-year minimum sentence caused him to enter the guilty plea unknowingly. Essentially, he argues that plea counsel's refusal to take the case to trial and counsel's flouting of his directives to attempt to negotiate a better plea agreement were tantamount to constitutionally ineffective assistance which induced him into accepting the guilty plea. As the certified record belies Appellant's assertions, no relief is due.

During the PCRA hearing, trial counsel testified that he met with Appellant on at least four occasions and discussed all aspects of the case that Appellant wished to address. N.T. PCRA, 12/16/13, at 13-14. For example, Appellant advised counsel of an unidentified criminal defendant in an unrelated case that allegedly received an eleven-to-twenty-three-month sentence for possessing four guns. However, when counsel inquired as to that person's identity so that he could review the case and bring it to the district attorney's attention in an attempt to enhance Appellant's bargaining positon, Appellant was unwilling to provide the pertinent details needed to make his case. *Id*. at 15. Similarly, Appellant sought to assert a defense to the firearm violation based upon the inoperability of the rifle. *Id*. at 17. However, trial counsel accurately advised him that the gun's functionality was not an element of the offense. *Id*. at 17-18. ***See Commonwealth v. Thomas***, 988 A.2d 669 (Pa. Super. 2010).

In addition, although Appellant admitted possessing the firearm, he informed counsel that he had no idea how he acquired the rifle that Officer Fisher believed he observed him wield. N.T. PCRA, 12/16/13, at 13-14. Appellant sought to raise a defense that he had abandoned the gun before the officer approached him. *Id*. at 14-15. Accordingly, prior to engaging in plea negotiations, counsel started to formulate an argument for trial that the transient position of the rifle immediately before Appellant's apprehension was insufficient to establish that Appellant intended to exercise control over

it in violation of 18 Pa.C.S. 6105(A)(1). *Id*. at 19. However, trial counsel also explained to Appellant that he lacked confidence that Appellant could prevail on the abandonment issue. *Id*. at 8. As a result of his consultations with counsel, Appellant concluded that it was in his best interest to enter a plea agreement even though he did not want to. *Id*. To facilitate the desired plea deal, a three-and-one-half-year minimum term of imprisonment, which was not only near the bottom of the standard range of the sentencing guidelines but also six months less than the Commonwealth's initial offer, counsel contacted the district attorney's office and negotiated the reduced agreement. *Id* at 11, 13-15, 16.

Thereafter, Appellant met with trial counsel to complete the written guilty plea colloquy that was ultimately entered in this case. *Id*. at 16, 19. Counsel confirmed that Appellant never indicated a change of heart or advised him that he desired to go to trial. *Id*. at 16. Indeed, counsel stressed that up until the accord was struck, he was prepared to proceed to trial if Appellant could not get the deal that he desired. *Id*. at 17.

Appellant's testimony during the PCRA hearing corroborated most of trial counsel's statements. Appellant conceded that he met with counsel on two or three occasions and that he raised the gun's inoperability as a potential defense. *Id*. at 5, 8. He also confirmed that when he advised counsel that he desired to go to trial, counsel fashioned an abandonment argument. *Id*. at 6. However, after realizing the futility of that position and

the possibility of facing the maximum term of five to ten years imprisonment, Appellant sought the underlying plea agreement. *Id*. at 6-8. He confirmed, "as a result of [the] information that [plea counsel] provided, . . . [I] then thought that it was in [my] best interest to enter a plea even though [i] really didn't want to[.]" *Id*. at 8. Appellant also testified that he recalled the trial court's oral plea colloquy and that he answered the court's questions truthfully, "to a point," and ultimately went through with the plea. *Id*. at 9.[2] He also acknowledged that he failed to assert a desire to withdraw the plea during the subsequent sentencing hearing or declare his dissatisfaction with the plea agreement that plea counsel negotiated on his behalf. *Id*. at 9-10.

The foregoing evidence belies Appellant's contentions that his plea was induced by counsel's ineffectiveness or that he entered the plea involuntarily or unknowingly. Counsel's representation was within the range of competence demanded of attorneys in criminal cases. Nothing in the certified record supports Appellant's assertion that plea counsel devoted insufficient attention to his defense prior to the plea or that he refused to

_____

[2] Appellant contended that he lied about being satisfied with counsel's representation. That assertion is inconsequential at this juncture. *See Commonwealth v. Pollard*, 832 A.2d 517 (Pa.Super. 2003) ("A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We cannot permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.").

take the case to trial. Moreover, counsel's advice regarding the potential defenses to the firearm charge was accurate. Additionally, Appellant's current dissatisfaction with his sentence is of no weight. **Anderson**, **supra** at 1192, *quoting* **Moser**, **supra** ("[t]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made."). In contrast to Appellant's protestations, the record reveals that Appellant's plea was knowing, intelligent and voluntary. His attempt to invoke allegations of plea counsel's ineffectiveness in order to withdraw his guilty plea is unavailing.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2014