J-S22042-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN NATHANIEL WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 818 MDA 2015 |

Appeal from the Judgment of Sentence April 1, 2015
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004592-2013

BEFORE: MUNDY, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED APRIL 13, 2016**

Kevin Nathaniel Williams (Appellant) appeals from the judgment of sentence entered April 1, 2015, after he was found guilty of persons not to possess a firearm. We affirm.

Shortly before 2:00 a.m. on July 5, 2013, the East Lampeter Police Department was dispatched to an apartment complex at 2 Foal Court after a call was received reporting a suspicious person trying to enter someone's apartment. N.T., 2/9/2015, at 57-58. A responding officer, Michael Redden (Officer Redden), testified that when he arrived to the scene, he observed another officer, Bryan Kondras (Officer Kondras) had already made contact with the suspect referred to in the phone call. Officer Redden testified that he served as a "cover officer." *Id.* at 60. Specifically, he testified that he "stood back and simply provided cover, kept an eye on things, ma[d]e sure

_____

* Retired Senior Judge assigned to the Superior Court

that no one approached that shouldn't be approaching." *Id.* The suspect, a juvenile, was highly intoxicated and Officer Redden was requested by Officer Kondras to conduct a search of the building and surrounding outside areas for any evidence "of a party" or "something going on."[1] *Id.* at 60-61. Officer Redden found some beer bottles and food in the area, but no firearms. *Id.* at 60-62.

Officer Redden continued to assist Officer Kondras with the juvenile suspect, and was standing outside the building with a clear view of the front door when he saw a man, later identified as Appellant, exit the building.[2] *Id.* at 65-67. After determining Appellant did not appear to be exhibiting any suspicious behavior, Officer Redden turned back to the two individuals he was standing next to. *Id.* at 67-68. It was then he heard the sound of something drop to the ground, hitting the sidewalk. Officer Redden "turned quickly using [his] flashlight to look at the [Appellant] again or the individual walking down the sidewalk and then turned the flashlight to [Appellant's]

---

[1] Officer Redden testified that he had searched the stairs and hallways inside the building. N.T., 2/9/2015, at 61.

[2] Officer Redden testified that approximately five to eight minutes had passed since he had last exited the apartment building to when he saw Appellant leaving. He testified that, during that time, he did not recall seeing any one else leave. N.T., 2/9/2015 at 72-73.

feet, and at his feet, just as [the Officer's] light hit it, [the Officer] saw [Appellant's] foot kick a handgun."[3] *Id.* at 68.

Officer Redden approached Appellant and asked Appellant if the gun was his. Officer Redden then asked if Appellant had a permit for the firearm. Officer Redden testified that Appellant's response was "something to the effect of oh, shit, yeah, it's in my car." *Id.* at 70-71. Throughout this interaction, Appellant was continually moving, walking off to the side as the Officer moved closer to pick up the firearm. After retrieving the firearm, Officer Redden announced "gun" to alert the other officers, used his flashlight to point to the Appellant, and, indicated that Appellant dropped the gun. *Id.* at 71. At this point, Appellant began to run, and Officer Kondras and Officer Jonathan Werner (Officer Werner) gave chase. Officer Redden stayed at the scene and secured the firearm. *Id.* at 71-72. Officers Kondras and Werner apprehended Appellant. Officer Kondras recovered a Georgia driver's license that identified Appellant. Appellant was then transported back to the station, where they ran a criminal background check. *Id.* at 103-104. Officer Kondras testified that the background check revealed a prior conviction which made Appellant ineligible to carry a firearm. *Id.* at 105-106. Appellant was subsequently charged with person not to possess a firearm.

---

[3]Appellant's kicking of the gun appeared to be accidental, in that "it was just incidental to the next step [Appellant] took." N.T., 2/9/2015, at 70.

Appellant was found guilty of the aforementioned crime following a jury trial on February 9, 2015. On April 1, 2015, Appellant received a sentence of four to ten years' incarceration. Appellant timely filed post-sentence motions, which the trial court denied. Appellant then timely filed a notice of appeal. [4]

Appellant raises the following issue on appeal: "Whether the evidence presented by the Commonwealth was insufficient as a matter of law to support the jury verdict of guilty for persons not to possess, use, manufacture, control, sell or transfer firearm?" Appellant's Brief at 4 (unnecessary capitalization omitted).

We address Appellant's argument mindful of the following standard of review.

> [O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Lynch*, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotations omitted). The Commonwealth may sustain

_____

[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

- 4 -

its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant. **Commonwealth v. Markman**, 916 A.2d 586, 598 (Pa. 2007).

To sustain a conviction for the crime of persons not to possess a firearm, the Commonwealth must prove that "[Appellant] possessed a firearm and that he was convicted of an enumerated offense that prohibits him from possessing, using, controlling, or transferring a firearm." **Commonwealth v. Thomas**, 988 A.2d 669, 670 (Pa. Super. 2009).[5]

Because Appellant was not found with the firearm on his person, the Commonwealth was required to establish that Appellant had constructive possession of the firearm. **Commonwealth v. Kirkland**, 831 A.2d 607, 611 (Pa. Super. 2003).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

---

[5] Appellant acknowledges he is a person who is not permitted to possess a firearm, based on a drug conviction in Georgia. **See** Appellant's Brief at 9 ("The Appellant concedes that the Commonwealth has met its burden as to the first element of the offense when the Appellant was previously convicted in 1994 in Georgia for delivery and possession with intent to deliver controlled substance."). As such, Appellant's argument is limited to whether there was sufficient evidence presented to prove that Appellant possessed the firearm.

***Commonwealth v. Parker***, 847 A.2d 745, 750 (Pa. Super. 2004) (internal citations omitted).

Appellant contends that "[u]nder [the] doctrine of constructive possession, the Commonwealth did not produce evidence to establish Appellant's control [or] dominion of the handgun." Appellant's Brief at 7. Appellant argues that he "did not have the ability [to] exercise control of the handgun when it was not located in his hands nor [on] his person. Further, the Commonwealth failed to produce physical evidence linking the Appellant to the handgun." ***Id.*** at 11. Additionally, Appellant avers that the Commonwealth failed to "produce any evidence establishing Appellant's intent to possess the firearm." ***Id.*** at 12.

In support, Appellant points to various circumstances, including Officer Redden admitting at trial that he did not see Appellant with the gun in his hands or on his person, the lack of DNA or any additional physical evidence linking the gun to the Appellant, and the fact that Officer Redden testified that it appeared the kicking of the firearm was done inadvertently. Appellant also notes that his testimony contradicted the officer's assertion that Appellant was the only individual in the area when the firearm hit the sidewalk and therefore directly disputes the Commonwealth's theory that it

had to have been Appellant because "no other individuals could have dropped the handgun."[6] *Id.* at 10.

Considering all of the evidence, the trial court offered the following analysis:

> There was sufficient evidence from the Officers on the scene that provided evidence that [Appellant] possessed the gun. Officer [Redden] provided testimony that he was at the scene where the incident occurred, observed the area before [Appellant] exited the building, and observed no other individuals exit the building or see a gun lying on the sidewalk. He also testified he watched [Appellant] exit the building and had not seen anyone else leave the building, hearing two distinct sounds of a gun hitting concrete or asphalt, and observed a handgun on the ground. Officer Redden also testified to seeing [Appellant] kick or strike the gun with his foot on the sidewalk, and after the Officer asked [Appellant] if it was his gun and if he had a permit, [Appellant] responded that his permit was in his car and began to walk away. Once Officer Redden picked up the gun and announced "gun" to alert the other Officers, [Appellant] took off running and a chase ensued. Two other officers, Officer [Kondras] and Officer [Werner], provided corroborating testimony regarding their observations of [Appellant] and the chase.

> The Commonwealth also provided testimony from Detective Scott Eelman that he was able to search the Bureau of Alcohol, Tobacco [and] Firearms tracing system using the gun's serial number which was registered with the dealer who sold the firearm. The search produced a report that the gun was purchased by Tracy Lee Olmstead of Kennesaw, Georgia on October 27, 2006 and the Detective stated that he was aware that [Appellant] was also a resident of Georgia.

> Here, viewing the evidence in the light most favorable to the Commonwealth, it is reasonable that the jury could have determined all elements of the crime at issue were established beyond a reasonable doubt.

---

[6] *See* Appellant's Brief at 11 (noting that Appellant testified that he saw three to four other individuals outside the building when he exited).

- 7 -

Trial Court Opinion, 7/9/2015, at 3-4. (citations omitted).

Based on the foregoing, it was reasonable for the jury to conclude from the evidence presented, giving credit to the officers' testimony, that Appellant constructively possessed the firearm.[7] "Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not." *Commonwealth v. Jackson*, 659 A.2d 549, 551 (Pa. 1995) (quoting *Commonwealth v. Mudrick,* 507 A.2d 1212, 1213 (Pa. 1986)). It is well established that "the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Commonwealth v. Hughes*, 908 A.2d 924, 928 (Pa. Super. 2006).

Thus, the evidence was more than sufficient to permit the jury to conclude that Appellant constructively possessed the gun. Accordingly, Appellant's claim fails.

Judgment of sentence affirmed.

---

[7] *See*, *e.g.*, *Commonwealth v. Love*, 896 A.2d 1276, 1283 (Pa. Super. 2006) ("We may not weigh the evidence or substitute our judgment for that of the fact-finder. … When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part, or none of the evidence.")

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2016