**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Richard THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 2009.

Filed Dec. 16, 2009.

Reargument Denied Feb. 24, 2010.

Karl Baker, Public Defender, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, for Commonwealth, appellee.

BEFORE: ORIE MELVIN, BOWES and DONOHUE, JJ.

OPINION BY BOWES, J.:

¶ 1 Richard Thomas appeals from the judgment of sentence imposed after he was convicted at a bench trial of persons not to possess firearms under 18 Pa.C.S. § 6105. We affirm.

¶ 2 The trial court summarized the relevant facts as follows:

At trial, the Commonwealth presented the testimony of Philadelphia Police Officer Thomas Farrell. On December 15, 2006, at approximately 12:45 a.m., Officer Farrell and his partner, Officer Rapone, responded to [a] police radio call regarding a shooting in the area of 3466 North Phillips Street in the city and county of Philadelphia, Pennsylvania. Upon arriving at the location, the officers observed Appellant standing in the

middle of the block. After looking in the direction of the approaching officers, Appellant threw a handgun against the wall of 3448 Phillips Street. The impact broke the gun, a revolver, in two [pieces]. The handle was detached from the receiver, the latter of which consisted of the chamber, ammunition, barrel, and firing mechanism. Appellant then picked up the receiver portion of the gun and threw it over a fence into an adjacent vacant lot. Officer Farrell then climbed over the fence and retrieved the receiver. Because Appellant did not have a permit to carry the gun, Officer Farrell placed him in custody.

The parties stipulated at trial that the firearm in question was a .22 caliber handgun loaded with seven live rounds. It was further stipulated that [if] the police ballistician [was called] to testify, he would confirm that the gun was later test fired and found to be inoperable due to a missing main spring. He [also] would have testified that the gun was submitted to him in two pieces, with "impact damage to the front portion of the barrel and top strap, grip grab [sic] broken off . . . , left side grip panel missing and black tape wrapped around the grips."

Trial Court Opinion, 9/10/08, at 2–3 (citations to record omitted).

¶ 3 Based on this evidence, Appellant, who had prior felony convictions, was convicted of persons not to possess firearms and sentenced to four to eight years incarceration followed by two years probation. This timely appeal followed, wherein he argues that the evidence was insufficient to sustain his conviction because the Commonwealth stipulated that the handgun recovered by Officer Farrell was inoperable.

¶ 4 Our standard of review is well-settled. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. *Commonwealth v. Jones*, 954 A.2d 1194 (Pa.Super.2008). As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *Id.* Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances. *Commonwealth v. Perez*, 931 A.2d 703 (Pa.Super.2007).

¶ 5 In order to obtain a conviction under 18 Pa.C.S. § 6105, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a firearm and that he was convicted of an enumerated offense that prohibits him from possessing, using, controlling, or transferring a firearm. The term "firearm" is defined in that section as any weapon that is "designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon." 18 Pa.C.S. § 6105(i). In the instant case, the trial court determined that Appellant violated the statute because he possessed a weapon that was designed to fire ammunition. Moreover, insofar as the revolver was found to be inoperable due to the absence of a main spring, the court concluded:

[I]t is entirely reasonable to infer that the spring was missing solely by reason of Appellant's attempted destruction of the gun. That is, but for Appellant's attempt to prevent the police from recovering the weapon, it is reasonable to conclude that the gun would not have broken into pieces, the spring would have been in place, and the weapon

would have been operable after Appellant's arrest.

Trial Court Opinion, 9/10/08, at 6–7.

¶ 6 Appellant does not dispute that the revolver was designed to expel bullets or that he attempted to destroy it in the presence of the arresting officer; he simply maintains that a defendant cannot be convicted under section 6105 unless the weapon is found to be operable. In leveling this argument, Appellant relies upon *Commonwealth v. Layton*, 452 Pa. 495, 307 A.2d 843 (1973), and *Commonwealth v. Stevenson*, 894 A.2d 759 (Pa.Super.2006). For reasons discussed *infra*, we reject this claim and affirm.

¶ 7 In *Layton*, *supra*, our Supreme Court reversed a conviction for illegal possession of a handgun because the weapon was inoperable, and the record failed to establish why the gun would not fire. However, that case was decided under a provision of the Uniform Firearms Act, 18 P.S. § 4628, which has been repealed and replaced by section 6105. The current statute applies to any weapon that is designed to fire ammunition containing an explosive charge, whereas section 4628 contained much narrower language and defined a firearm as "any pistol or revolver with a barrel less then twelve inches, any shotgun with a barrel less than twenty-four inches or any rifle with a barrel less than fifteen inches." Thus, contrary to Appellant's position, *Layton* is neither controlling nor instructive because that decision is based upon statutory language that was rewritten in 1995. *See Commonwealth v. Zortman*, 2009 PA Super 139, ¶ 18, 985 A.2d 238 (*Layton* has been superseded by certain statutes that do not require operability and provide that any

weapon that is designed to shoot bullets constitutes a firearm).

¶ 8 Appellant's reliance on *Commonwealth v. Stevenson*, *supra*, is similarly misplaced. In that case, the defendant was convicted of persons not to possess firearms after police officers recovered a Beretta handgun from his person during an investigatory detention. The defendant challenged his conviction on the basis that the gun was inoperable, citing evidence that the firing pin fell out while the weapon was being test-fired. This Court upheld the defendant's conviction under *Layton*, reasoning that the Beretta was "clearly operable" for purposes of section 6105 because it functioned normally during the initial test-firing session and continued to function after the firing pin was reinserted. *Id.* at 776.

¶ 9 Appellant argues that *Stevenson* is significant because it "interpreted the current version of the Uniform Firearms Act, and [the *Stevenson* Court] clearly reasoned that operability remains an element for the offense at issue [in this case]." Appellant's brief at 9. While we agree that *Stevenson* was decided after the current version of the Act became effective, we are not persuaded that operability is an essential element of section 6105 based upon that case. *Layton* and the other firearm possession cases cited in *Stevenson* were published several years before the legislature materially altered the definition of a firearm for purposes of section 6105 and certain enumerated subsections of section 6106.[1] Under the revised definition, an individual is subject to criminal prosecution if he unlawfully possesses: (1) any weapon that is specifically designed to or may readily be converted to expel a projectile by means of

---

1. The original definition of the term firearm, which is codified at 18 Pa.C.S. § 6102, focuses solely on barrel length or the overall length of the weapon. The Uniform Firearms Act continues to utilize that definition, unless otherwise noted, and therefore certain sections retain the requirement in *Layton*.

an explosive; or (2) the frame or receiver of such a weapon. *See* 18 Pa.C.S. § 6105(i); *see also* 18 Pa.C.S. § 6106(e).[2] The statutory language is clear, and it does not require proof that the weapon was capable of expelling a projectile when it was seized; on the contrary, the fact that a person can be prosecuted simply for possessing a semiautomatic pistol frame refutes this notion because the frame requires additional parts, *e.g.*, a slide and barrel, in order to fire a bullet.[3] Thus, the use of the terms "frame" and "receiver" in section 6105(i) demonstrates that the legislature sought to eliminate the operability requirement articulated in *Layton* for purposes of this section.

¶ 10 The *Stevenson* Court did not review the pertinent statutory language and proceeded to analyze the defendant's claims in accordance with *Layton*, which was no longer applicable to a conviction under this section. Nevertheless, it correctly denied relief on the basis that the defendant possessed a handgun that was specifically designed to shoot bullets. Accordingly, that decision does not preclude us from reviewing Appellant's argument under the appropriate standard.

¶ 11 In the case at bar, the Commonwealth presented evidence that Appellant, a felon, possessed a Model 40 seven-shot revolver manufactured by the General Precision Corporation and that the weapon was loaded with seven live rounds. *See* N.T. Trial, 3/5/08, 16–17. This evidence was clearly sufficient to convict Appellant under section 6105. The fact that the firearm would not function due to a missing spring is irrelevant because it was designed to shoot bullets, as evidenced by the fact that the gun was loaded with ammunition when it was seized by police. Hence, we affirm.

¶ 12 Judgment of sentence affirmed.

---

**2.** We note that unlike subsection (i) of 18 Pa.C.S § 6105, which was enacted in 1995, subsection (e) of 18 Pa.C.S § 6106 was not added until 2005.

**3.** The frame of a semiautomatic pistol is the portion of the weapon that houses the trigger and bears a serial number that must be recorded whenever a complete pistol or pistol frame is transferred through a federal firearms licensee ("FFL") to a new owner. Other gun parts such as barrels, slides, triggers, firing pins, and magazines are not regulated in this manner and may be purchased from the manufacturer or other vendors without the assistance of an FFL. The definition of firearm codified at 18 Pa.C.S. § 6105(i) and § 6106(e) is consistent with the federal government's view that the frame of the weapon is a firearm, even if it cannot fire ammunition due to a missing barrel, trigger, or other necessary components.