J. S67004/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BILAAL POWELL, | : | No. 2441 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, May 30, 2012,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0000781-2011

BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED OCTOBER 25, 2016**

Bilaal Powell appeals ***nunc pro tunc*** from the May 30, 2012 aggregate judgment of sentence of life imprisonment imposed after a jury found him guilty of second-degree murder, robbery, and criminal conspiracy.[1]  After careful review, we affirm.

The trial court summarized the relevant facts of this case as follows.

> [The victim] was on the 300 block of East Walnut Lane in Philadelphia on May 5, 2010, when [appellant's] co-defendant, Jose Velez [("Velez")], walked up to him, demanded his money and drugs, and then shot [the victim] several times, resulting in [his] death.  [On August 18, 2010, appellant] admitted to planning the robbery with Velez and others, along with sitting in his car at the scene of the crime as a lookout, and taking the victim's

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502, 3701, and 903, respectively.

money and marijuana before driving off, as [the victim] lay dying on the sidewalk. [Appellant] further admitted that in planning the robbery of [the victim], he arranged for [Velez] to get the murder weapon, drove Velez to get the gun, arranged to have his cousin call when the victim was at the prearranged location, and drove everyone to the staging area prior to the crime.

Trial court opinion, 11/19/15 at 3-4 (citations to notes of testimony omitted).

Appellant was subsequently arrested and charged with second-degree murder, robbery, criminal conspiracy, possessing instruments of crime ("PIC"), and multiple violations of the Uniform Firearms Act ("UFA").[2] The PIC and UFA charges were **nolle prossed** by the Commonwealth prior to the start of trial. Appellant filed a motion to suppress the inculpatory statements that he made to police, which was denied by the trial court on May 8, 2012. The following day, appellant proceeded to a jury trial alongside Velez. Following a two-day trial, the jury found appellant guilty of second-degree murder, robbery, and criminal conspiracy on May 10, 2012. On May 30, 2012, the trial court sentenced appellant to a mandatory term of life imprisonment. **See** 18 Pa.C.S.A. § 1102(b). On June 11, 2012, appellant filed post-sentence motions for a judgment of acquittal or a new trial, arguing that his inculpatory statements to police were not "knowingly, intelligently and voluntarily" made and that the trial court erred in denying

---

[2] 18 Pa.C.S.A. §§ 907, 6106, and 6108, respectively.

his motion for a mistrial. (**See** "Post Sentence Motion," 6/11/12 at ¶¶ 4a-4b.) The trial court denied appellant's post-sentence motions on August 31, 2012.

Thereafter, on September 28, 2012, appellant filed a timely notice of appeal that was ultimately dismissed by this court for failure to file a brief. (**See per curiam** order, 12/4/13.) On April 7, 2014, appellant filed a timely **pro se** petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"), requesting that his direct appeal rights be reinstated. Counsel was appointed and filed an amended PCRA petition on appellant's behalf on May 27, 2015. On July 17, 2015, the trial court granted appellant's petition and reinstated appellant's direct appeal rights **nunc pro tunc**. This timely appeal followed on August 12, 2015. On August 13, 2015, the trial court ordered appellant to file a concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b). Appellant timely complied and the trial court issued its Rule 1925(a) opinion on November 19, 2015.

On appeal, appellant raises the following issues for our review:

> I.    Is [appellant] entitled to an Arrest of Judgment on the charge of Murder in the Second Degree, Criminal Conspiracy, and all related offenses where the evidence was insufficient to sustain the verdict?
>
> II.   Is [appellant] entitled to a new trial on all charges where the verdict was not supported by the greater weight of the evidence?

Appellant's brief at 3.

Appellant first argues that there was insufficient evidence to sustain his convictions for second-degree murder, robbery, and criminal conspiracy because the Commonwealth failed to prove that he "conspired with [Velez] or anyone else to shoot and kill the victim or even rob the victim[,]" or that the homicide in question was committed in furtherance of a felony. (**Id.** at 7.) This claim is meritless.

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

**Commonwealth v. Thomas**, 988 A.2d 669, 670 (Pa.Super. 2009), **appeal denied**, 4 A.3d 1054 (Pa. 2010) (citations omitted).

"A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony." 18 Pa.C.S.A. § 2502(b). Perpetration of a felony is defined as "[t]he act of the defendant in engaging in or being an accomplice in the commission of . . . robbery, rape, or deviate sexual intercourse by force or threat of force, arson, burglary or kidnapping." **Id.**

§ 2502(d). A person will be found guilty of robbery, a felony of the first degree, "if, in the course of committing a theft, he . . . inflicts serious bodily injury upon another[.]" 18 Pa.C.S.A. § 3701(a)(1)(i).

Criminal conspiracy, in turn, requires the Commonwealth to prove that appellant "(1) entered into an agreement to commit or aid in an unlawful act with another person or persons; (2) with a shared criminal intent; and (3) an overt act was done in furtherance of the conspiracy." *Commonwealth v. Mitchell*, 135 A.3d 1097, 1102 (Pa.Super. 2016); *see also* 18 Pa.C.S.A. § 903(a). A conspiratorial agreement can be proven by circumstantial evidence and "inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode." *Commonwealth v. Feliciano*, 67 A.3d 19, 26 (Pa.Super. 2013) (*en banc*), *appeal denied*, 81 A.3d 75 (Pa. 2013) (citation and internal quotation marks omitted).

Viewing the evidence in the light most favorable to the Commonwealth, the verdict winner, we find that there was ample evidence for the jury to conclude that appellant was guilty of second-degree murder, robbery, and criminal conspiracy. At trial, the Commonwealth introduced appellant's August 18, 2010 statement to police, wherein he admitted that he and several other individuals "put a plan together to rob [the victim]" in retaliation for the victim cheating him in a drug deal. (Notes of testimony,

5/8/12 at 226-227, 236.) Specifically, appellant's statement indicated that on May 4, 2010, he gathered seven individuals in Vernon Park in Philadelphia and assigned each of them roles to perform in the robbery. (*Id.* at 227, 229-230.) Appellant also promised to pay each participant with the money that they planned to steal from the victim. (*Id.* at 227.) The following day, appellant sat in his vehicle and observed one of his co-conspirators, Velez, approach the victim and attempt to rob him at gunpoint. (*Id.* at 231.) During the course of the robbery, the victim made a sudden movement, and Velez shot him multiple times, killing him. (*Id.* at 231, 235.) Thereafter, appellant took $10 and marijuana from the victim as he lay dying on the ground, drove off with Velez, and met up with several of his co-conspirators and smoked the marijuana. (*Id.* at 235.) Based on the foregoing, appellant's claim that there was insufficient evidence to sustain his convictions for second-degree murder, robbery, and criminal conspiracy must fail.

Appellant also contends that the verdict was against the weight of the evidence. (Appellant's brief at 9-10.) Pennsylvania Rule of Criminal Procedure 607 provides, in pertinent part, that a claim that the verdict was against the weight of the evidence "shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). "[T]he purpose of this rule is

to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." ***Commonwealth v. Bryant***, 57 A.3d 191, 196 (Pa.Super. 2012) (citation omitted).  The failure to challenge the weight of the evidence presented at trial in an oral or written motion prior to sentencing or in a post-sentence motion will result in waiver of the claim.  ***See Commonwealth v. Bond***, 985 A.2d 810, 820 (Pa. 2009), ***cert. denied***, 562 U.S. 1030 (2010).

Instantly, appellant failed to file a post-sentence motion raising a weight of the evidence claim, or point to the place in the record that indicates he moved for a new trial on weight of the evidence grounds. Consequently, we find that appellant's weight claim is waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/25/2016</u>