J-A21019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH IRVIN JACKSON, | |
| Appellant | No. 1299 WDA 2016 |

Appeal from the Judgment of Sentence March 3, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002197-2013,
CP-02-CR-0016049-2013 and CP-02-CR-0016652-2014

BEFORE: BENDER, P.J.E., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 31, 2017**

Appellant, Joseph Irvin Jackson, appeals from the judgment of sentence entered on March 3, 2015, as made final by the denial of Appellant's post-sentence motion on August 17, 2016. We affirm.

The trial court has ably explained the underlying facts and procedural posture of this appeal:

> At approximately 2:30 a.m. on October 20, 2012, Officer Adam Quinn, who was then employed by the North Braddock Police Department, was on routine patrol with his partner, Officer Gettig[,] and [was traveling] along Hawkins Avenue when [he] noticed two males wearing hoodies who had their hoods up. Officer Quinn stopped his patrol car and then asked these individuals to produce some identification and asked what they were doing out at 2:30 in the morning. [Appellant] produced identification establishing who he was and told Officer Quinn that they were going home after they had left a bar. During the course of their discussion, [Appellant] turned and [] ran from the police officers. Officer Quinn ran after [Appellant]

and pulled out his [TASER] and fired it at him in an attempt to stop him, however, he did not hit [Appellant]. Officer Quinn then noticed that [Appellant] reached into his waistband and pulled out a gun and discarded that gun. Officer Quinn was able to stop [Appellant] after he tripped over some railroad tracks. Once [Appellant] was handcuffed, Officer Quinn went back to the area where he saw the gun and retrieved a nine[-]millimeter semi-automatic [handgun].

. . .

On December 16, [2014], following a jury trial, [Appellant] was found guilty of the charge of possession of a firearm without a license.[1] Prior to the commencement of that jury trial, [the trial court] granted [Appellant's] motion to sever the charge of person not to possess a firearm and heard that charge in a non-jury trial which was held in conjunction with his jury trial. [Appellant] was found guilty of the charge of person not to possess a firearm[2] since it was stipulated between [Appellant] and the [Commonwealth] that [Appellant] had two convictions for delivery of a controlled substance[. Appellant and the Commonwealth also stipulated that Appellant had twice before been convicted of person not to possess a firearm. N.T. Trial, 12/16/14, at 57.]

A presentence report was ordered and [Appellant] was sentenced on March 3, 2015, to [serve an aggregate term of two-and-a-half to five years in prison, followed by three years of probation. N.T. Sentencing, 3/3/15, at 9-10. Following the *nunc pro tunc* restoration of Appellant's post-sentence and appellate rights, Appellant's post-sentence motion was denied by operation of law on August 17, 2016].

Trial Court Opinion, 4/11/17, at 2-4.

---

[1] 18 Pa.C.S.A. § 6106(a)(1).

[2] 18 Pa.C.S.A. § 6105(a)(1).

Appellant filed a timely notice of appeal. He now raises four claims on appeal:

> 1. Was the evidence insufficient to convict [Appellant] because the Commonwealth did not provide proof that [Appellant] received "actual notice" of the suspension of his right to possess a firearm?
>
> 2. Did the trial court err by informing the jury that "anybody [who] owns a gun" must "register it with the Pennsylvania State Police"?
>
> 3. Did the trial court err by giving jury instructions that did not adequately specify that concealment is a material element of 18 [Pa.C.S.A.] § 6106?
>
> 4. Are the standard jury instructions for 18 [Pa.C.S.A.] § 6106 fundamentally flawed because they do not adequately specify that concealment is a material element of the offense?

Appellant's Brief at 6-7.

Appellant first claims that the evidence was insufficient to support his conviction for "person not to possess a firearm." This claim fails.

We review Appellant's sufficiency of the evidence claim under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless

- 3 -

the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559-560 (Pa. Super. 2011) (*en banc*) (internal quotations and citations omitted).

Appellant was convicted of person not to possess a firearm under 18 Pa.C.S.A. § 6105(a)(1). In relevant part, Section 6105 declares:

**§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**

**(a) Offense defined.--**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

. . .

(c) Other persons.--In addition to any person who had been convicted of any offense listed under subsection (b), the following persons shall be subject to the prohibition of subsection (a):

. . .

(2) A person who has been convicted of an offense under the act of April 14, 1972 (P.L. 233, No. 64),

- 4 -

known as The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, that may be punishable by a term of imprisonment exceeding two years.

18 Pa.C.S.A. § 6105.

During trial, Appellant stipulated that he has two prior convictions for possession of a controlled substance with the intent to deliver. N.T. Trial, 12/16/14, at 57. Thus, as Appellant acknowledges, Section 6105 prohibited him from possessing a firearm on the night in question. *See* Appellant's Brief at 17. Nevertheless, Appellant claims on appeal that the evidence was insufficient to support his Section 6105 conviction, as the Commonwealth "did not provide any evidence demonstrating that the government had informed [Appellant] that [he was prohibited from] possess[ing] a firearm." *Id.* Appellant's claim fails.

Within Appellant's brief, Appellant claims that "there are no cases directly on point" with respect to the issue of whether a defendant's actual knowledge of the prohibition is an element of Section 6105. Appellant's Brief at 13. Appellant is incorrect. In *Commonwealth v. Thomas*, 988 A.2d 669 (Pa. Super. 2009), this Court held:

In order to obtain a conviction under 18 Pa.C.S. § 6105, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a firearm and that he was convicted of an enumerated offense that prohibits him from possessing, using, controlling, or transferring a firearm.

*Thomas*, 988 A.2d at 670.

Therefore, under our binding precedent, Section 6105 has no "actual knowledge" element. In accordance with **Thomas**, the crime of person not to possess a firearm merely requires proof beyond a reasonable doubt that: 1) "the defendant possessed a firearm" and 2) the defendant "was convicted of an enumerated offense that prohibits him from possessing . . . a firearm." **Id.** As such, Appellant is incorrect to claim that a defendant's "actual knowledge" of the prohibition is an element of Section 6105. Appellant's first claim on appeal necessarily fails.

Regardless, during Appellant's trial, the Commonwealth introduced evidence that Appellant had **two prior convictions for violating Section 6105**. N.T. Trial, 12/16/14, at 57 ("[t]he defense stipulates indicating that [Appellant] has prior [possession with the intent to deliver] convictions as well as two 6105s making him a person not to possess a firearm"). Further, under Section 6105, an individual who is prohibited from possessing a firearm does not automatically regain their ability to possess a firearm at the end of a specified time. Rather, the statute declares that the individual must apply, to the court of common pleas, "for relief from the disability imposed by [Section 6105]." 18 Pa.C.S.A. § 6105(d).

Thus, Appellant's prior convictions for "person not to possess firearms" and his obvious failure to successfully apply for relief from the disability imposed by Section 6105 prove that Appellant had "actual knowledge" he was prohibited from possessing a firearm – and, for this second reason, Appellant's claim on appeal fails.

Finally, Officer Quinn testified at trial that, after he approached Appellant on the street, Appellant ran away from him and, as he was chasing Appellant, he observed Appellant "reach[] towards his belt area and . . . toss[] . . . [the] pistol" away. N.T. Trial, 12/16/14, at 22 and 27. Appellant's unprovoked flight from the police and his attempt to dispose of the firearm while police were pursuing him constitutes sufficient circumstantial evidence to prove that Appellant knew he was prohibited from possessing the firearm. *See Commonwealth v. Robinson*, 128 A.3d 261, 265 (Pa. 2015) ("like all culpable mental states[, a defendant's] . . . guilty knowledge . . . may be inferred from circumstantial evidence"). Appellant's claim on appeal thus fails for this third, independent reason.

For Appellant's remaining claims on appeal, Appellant argues: 1) that the trial court erred when it instructed the jury that "anybody [who] owns a gun" must "register it with the Pennsylvania State Police;" 2) that "the trial court err[ed] by giving jury instructions that did not adequately specify that concealment is a material element of 18 [Pa.C.S.A.] § 6106;" and, 3) that "the standard jury instructions for 18 [Pa.C.S.A.] § 6106 [are] fundamentally flawed because they do not adequately specify that concealment is a material element of the offense." Appellant's Brief at 18-24. All of these claims are waived, as Appellant did not object to any of the trial court's specified instructions. N.T. Trial, 12/16/14, at 26-27 and 54; *Commonwealth v. Moury*, 992 A.2d 162, 178 (Pa. Super. 2010) ("[a] specific and timely objection must be made to preserve a challenge to a

- 7 -

particular jury instruction. Failure to do so results in waiver") (internal citations omitted); Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2017