J-S24040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN MICHAEL BLUM | : | |
| | : | |
| Appellant | : | No. 1607 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 26, 2022
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-MD-0000500-2022

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.:          **FILED: AUGUST 1, 2023**

Sean Blum appeals from the October 26, 2022 judgment of sentence of 6 months' imprisonment and a $300 fine and court costs imposed after he was found guilty of indirect criminal contempt[1] of a Protection From Abuse ("PFA") order.  For the following reasons, we deem the issue Appellant attempts to raise herein to be waived and affirm his judgment of sentence.[2]

The relevant facts and procedural history of this matter are not relevant to our disposition and need not be reiterated here.  On appeal, Appellant purports to challenge whether the Commonwealth presented sufficient

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 23 Pa.C.S.A. § 6114(a).

[2] The Commonwealth has not filed a brief in this matter.

evidence to sustain his conviction for indirect criminal contempt of the PFA order. *See* Appellant's brief at 9-10.

Our standard of review in evaluating a challenge to the sufficiency of the evidence is as follows:

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Thomas*, 988 A.2d 669, 670 (Pa.Super. 2009) (citations omitted), *appeal denied*, 4 A.3d 1054 (Pa. 2010).

A court may hold a defendant in indirect criminal contempt and punish him in accordance with the law where the police have filed charges of indirect criminal contempt against the defendant for violating a PFA order issued pursuant to the domestic relations code. 23 Pa.C.S.A. § 6114(a).

> A charge of indirect criminal contempt consists of a claim that a violation of an order or decree of court occurred outside the presence of the court. Where a PFA order is involved, an indirect criminal contempt charge is designed to seek punishment for violation of the protective order.
>
> . . . .
>
> To establish indirect criminal contempt, it must be shown that 1) the order was sufficiently clear to the

- 2 -

contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act must have been one prohibited by the order; and 4) the intent of the contemnor in committing the act must have been wrongful.

***Commonwealth v. Padilla***, 885 A.2d 994, 996-997 (Pa.Super. 2005) (citations and internal quotation marks omitted), ***appeal denied***, 897 A.2d 454 (Pa. 2006).

Before we address the merits of Appellant's sufficiency challenge, however, we must determine whether he has properly preserved it for our review. In his Rule 1925(b) concise statement, Appellant alleged: "The evidence introduce [sic] at an indirect criminal contempt hearing was insufficient to prove [A]ppellant guilty of indirect criminal contempt." ***See*** "Concise Statement of Matters Complained of Pursuant to Pa.R.A.P. 1925(b)," 12/5/22, at ¶ 1. The trial court found that Appellant waived his sufficiency claim by failing to specify the element or elements of indirect criminal contempt that the Commonwealth had failed to prove beyond a reasonable doubt. ***See*** trial court Rule 1925(a) opinion, 1/11/23 at 1. We agree with this assessment.

In ***Commonwealth v. Rivera***, 238 A.3d 482 (Pa.Super. 2020), ***appeal denied***, 250 A.3d 1158 (Pa. 2021), a panel of this Court held that:

> [w]e have repeatedly held that [i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's [Rule] 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. ... Therefore, when an appellant's

> 1925(b) statement fails to specify the element or elements upon which the evidence was insufficient[,] ... the sufficiency issue is waived on appeal.

*Id.* at 496 (citations and quotation marks omitted).

Upon review, we concur that Appellant's Rule 1925(b) statement fails to articulate the elements of indirect criminal contempt of a PFA order for which he believes the evidence had been insufficient. Accordingly, we agree with the trial court that Appellant has waived his challenge to the sufficiency of the evidence.[3]

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/01/2023

_____

[3] In any event, even if Appellant had properly preserved his sufficiency claim on appeal, we would find it warrants no relief. Our independent review of the record reveals that there was ample evidence presented during the October 26, 2022 contempt hearing to establish that Appellant repeatedly texted the victim, E.S., in early August 2022, in violation of a July 13, 2022 final PFA order. *See* notes of testimony, 10/26/22 at 7-11, 14-17, 20-22.