J-S30045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL TERRENCE WEST | : | |
| | : | |
| Appellant | : | No. 1646 MDA 2023 |

Appeal from the Judgment of Sentence Entered October 31, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003614-2022

BEFORE: PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:    **FILED: OCTOBER 7, 2024**

Daniel Terrence West appeals from the October 31, 2023 aggregate judgment of sentence of 63 days' to 6 months' imprisonment imposed after he was found guilty in a bench trial of three counts of driving under the influence of alcohol or controlled substance ("DUI"), driving while operating privileges are suspended or revoked, and carrying loaded weapons other than firearms.[1] After careful review, we affirm the judgment of sentence.

The  trial court summarized the relevant facts of this case as follows:

> The Commonwealth's only witness was Corporal James Spencer. Testimony began with Corporal Spencer's background and experience. Corporal

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a)(1), (d)(2), and (d)(3); 75 Pa.C.S.A. § 1543(a); and 18 Pa.C.S.A. § 6106.1(a), respectively.

Spencer had been with Pennsylvania State Police for over sixteen years by the time of trial and was serving as a patrol unit supervisor for Troop J, Lancaster County, Pennsylvania. Corporal Spencer completed the 27-week training with Pennsylvania State Police academy during which time he received instruction on the enforcement and detection of driving under the influence. Corporal Spencer had training in advanced roadside testing, standardized field sobriety testing, and advanced roadside impairment detection enforcement. Corporal Spencer explained that these courses help one to better understand a person's ability for divided attention tasks which is what driving is, and that helps one understand the impairment level of the person who is driving.

Corporal Spencer testified that things one would see and observe include odors, eyes whether glassy or blood shot, HGN. Odors officers are trained to detect are for marijuana and alcohol. He has participated in over two hundred DUI investigations as well as observed people under the influence in other investigations.

On July 1, 2022, Corporal Spencer was assigned as the site supervisor for a DUI checkpoint located on the 3400 block of Lincoln Highway East in Paradise Township. At 0205 hours, on July 2, 2022, [Appellant], driving a Chevy truck pulled into the checkpoint. While speaking to [Appellant], Corporal Spencer noticed a pool cue bag sitting in the front seat and hanging outside of the bag was a shotgun handle for a Mossberg pistol shotgun. Corporal Spencer also noticed the odor of burnt marijuana.

Corporal Spencer asked [Appellant] whether he had a concealed carry permit for the shotgun. [Appellant] provided Corporal Spencer with his photo ID and when Corporal Spencer stated he needed to provide a permit, [Appellant] answered he did not need to provide him with one.

Corporal Spencer observed [Appellant's] motor skills to be slow and his eyes were a little bloodshot. When

- 2 -

he asked [Appellant] to step out of his vehicle, Corporal Spencer observed [Appellant] to be very slow and deliberate with his actions.

Corporal Spencer asked [Appellant] whether he would submit to standardized field sobriety tests but [Appellant] refused. [Appellant] also refused to participate in a drug recognition evaluation. Corporal Spencer then read [Appellant]the DL-26 form which contains the chemical testing warnings and rights. Throughout the interaction [Appellant] remained silent and he refused to sign the form. [Appellant] was then placed under arrest.

Corporal Spencer testified that he looks at the totality of the circumstances to determine whether a person is able to get back into their vehicle or whether they should be arrested. While he was unable to conduct a field sobriety test, Corporal Spencer testified that there are other indicators enabling him to form an opinion as to [Appellant's] ability to drive. The first indicator was that there was an odor of burnt marijuana coming from the car. The second indicator was that [Appellant] had glassy, bloodshot eyes. The third indicator was the trouble [Appellant] had in producing the requested conceal carry permit card. Additionally, when [Appellant] came out of his vehicle, he was slow, sluggish, and not answering questions. He also walked slowly from his vehicle to the checkpoint area. In addition to these indicators, Corporal Spencer testified that after [Appellant] got out of the vehicle, he observed an empty mini bottle in the center console and when he searched [Appellant] incident to arrest, he obtained a red glass smoking device from [Appellant]. Based upon this, it was Corporal Spencer's opinion that [Appellant] was under the influence of some type of narcotic that inhibited his ability to drive a motor vehicle.

Trial court opinion, 1/4/24 at 3-5 (citations to notes of testimony omitted).

On August 21, 2023, Appellant proceeded to a bench trial before the Honorable Jeffrey A. Conrad and was subsequently found guilty of three

counts of DUI, driving while operating privileges are suspended or revoked, and carrying loaded weapons other than firearms. As noted, Appellant was sentenced to 63 days' to 6 months' imprisonment on October 31, 2023. Appellant did not file any post-sentence motions. This timely appeal followed on November 30, 2023.[2]

Appellant raises the following issue for our review:

> I.    Was the evidence presented by the Commonwealth insufficient to prove beyond a reasonable doubt that [Appellant] was guilty of [DUI] pursuant to 75 Pa.C.S.A. § 3802(d)(3), [DUI] pursuant to 75 Pa.C.S.A. § 3802(d)(2), and/or [DUI] pursuant to 75 Pa.C.S.A. § 3802(a)(1) where there was insufficient evidence to prove that [Appellant] was under the influence of a combination of alcohol and a drug, was under the influence of a drug, and/or was under the influence of alcohol to a degree that impaired his ability to drive safely?

Appellant's brief at 6.

Appellant's solo issue on appeal is that the Commonwealth presented insufficient evidence to sustain his convictions for three counts of DUI under Sections 3802(a)(1), (d)(2), and (d)(3) of the Vehicle Code. *Id.* at 12.

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-

---

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925(b).

finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Thomas*, 988 A.2d 669, 670 (Pa.Super. 2009) (citations omitted), *appeal denied*, 4 A.3d 1054 (Pa. 2010).

A person will be found guilty of DUI – general impairment if they are found to have driven, operated or to have been in actual physical control of the movement of a vehicle "after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(a)(1). A person will be found guilty of DUI – controlled substance in violation of Section 3802(d)(2) if they drive a vehicle "under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle." *Id.* at § 3802(d)(2). Section 3802(d)(3) prohibits an individual from driving a vehicle where the individual is "under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive ... the vehicle." *Id.* § 3802(d)(3).

Viewing the evidence in the light most favorable to the Commonwealth, the verdict winner, we find that there was ample evidence to sustain Appellant's convictions for three counts of DUI under Sections 3802(a)(1), (d)(2), and (d)(3). As noted, the evidence presented by the Commonwealth

- 5 -

at trial established that in the early morning hours of July 2, 2022, Corporal Spencer approached Appellant's truck while it was stopped at a DUI checkpoint and smelled an odor of burnt marijuana emanating from the vehicle. Notes of testimony, 8/21/23 at 16-20. Corporal Spencer, a then 15-year veteran of the Pennsylvania State Police who has undergone extensive training in DUI detection, further observed that Appellant exhibited bloodshot eyes, slow and deliberate movements, and difficulty in providing his conceal carry permit upon request. *Id.* at 5-6, 21-23. Corporal Spencer also testified that he observed an empty liquor bottle in the center console of Appellant's vehicle and that drug paraphernalia – a glass pipe "commonly used to smoke marijuana" – was ultimately found on his person. *Id.* at 23, 41-42, 49-50. After exiting he vehicle, Corporal Spencer continued to observe that Appellant's behavior was "slow" and "sluggish," and that Appellant declined to participate in field sobriety testing and refused to submit to a chemical test or sign the DL-26 consent form. *Id.* at 23-24, 27, 41. Based upon his training and experience, Corporal Spencer opined that Appellant's behaviors were indicative of someone who is under the influence of marijuana or "some type of narcotic" that inhibited his ability to safely operate his vehicle, and placed Appellant under arrest. *Id.* at 21-22, 45.

It is well-established law that a driver who declines to submit to a blood or breath test to determine his alcohol level can still be charged and convicted under general impairment provision of DUI statute, Section 3802(a)(1), "if the

Commonwealth can prove that he or she drove after imbibing a sufficient amount of alcohol such that he or she was rendered incapable of safely driving." *Commonwealth v. Griffith*, 32 A.3d 1231, 1239 (Pa. 2011). Likewise, Sections 3802(d)(2) and (d)(3) do not specify any particular manner by which the Commonwealth is required to prove that the defendant was under the influence of a drug, alcohol, or combination thereof. "[S]ubsections (d)(2) and (d)(3) of Section 3802 contain no language requiring that impairment be established through blood tests." *Commonwealth v. Duncan*, 314 A.3d 556, 566 (Pa.Super. 2024) (citing *Commonwealth v. DiPanfilo*, 993 A.2d 1262, 1268 n.6 (Pa.Super. 2010), *appeal denied*, 40 A.3d 120 (Pa. 2012) (internal quotation marks omitted)). "Evidence of consumption of a drug, standing alone, is insufficient to prove impairment. Instead, impairment evidence should be drawn from the totality of the factual circumstances." *Commonwealth v. Spence*, 290 A.3d 301, 309 (Pa.Super. 2023) (citations omitted).

Based on all of the foregoing, we agree with the trial court, sitting as factfinder, that there was sufficient evidence presented at trial to support Appellant's convictions for three counts of DUI and that his claim to the contrary is without merit. Accordingly, we affirm the October 31, 2023 judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.


_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: _10/7/2024_