J-S15035-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IESHIA MARIE JOHNSON | : | |
| | : | |
| Appellant | : | No. 1219 EDA 2025 |

Appeal from the Judgment of Sentence Entered April 14, 2025
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004978-2022


BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 9, 2026**

Ieshia Marie Johnson appeals from the April 14, 2025 judgment of sentence of six months' probation and a $300 fine imposed after she was found guilty in a bench trial of driving under the influence of alcohol or controlled substance ("DUI").[1]  After careful review, we affirm.

The trial court summarized the relevant facts of this case as follows:

> On October 27, 2022, Corporal Joshua Van Horn of the Upland Borough Police Department was dispatched to an address on the 800 Block of Upland Avenue. Corporal Van Horn spoke to Eric Johnson at that location whom Van Horn knew as the result of previous calls to this address.
>
> Eric Johnson pointed to a motor vehicle and said, "she's driving away." Corporal Van Horn pursued that

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(a)(1).

motor vehicle and executed a traffic stop of the vehicle. Van Ho[rn] identified [Appellant] as the person driving the motor vehicle he had stopped.

Corporal Van Horn testified, "I observed [Appellant] to be the driver of the vehicle. Once I had the vehicle stopped, I detected a strong odor of an alcoholic beverage." The motor vehicle stop occurred in the Upland Shopping Center, in Upland Borough, Delaware County. Corporal Van Horn testified [Appellant], when asked if she had been drinking, "advised that she was." [Appellant] was driving a motor vehicle owned by Brian Reed, who was a passenger in the vehicle at the time Corporal Van Horn made the traffic stop. Corporal Van Horn testified he saw [Appellant] drive the vehicle very slowly a distance of 200 to 300 feet in the direction of 24th Street inside the Upland Shopping Center parking lot.

Officer Ryan Canzanese of the Upland Borough Police Department testified during the trial that he arrived at the Upland Shopping Center on October 27, 2022, during the investigation involving [Appellant]. Officer Canzanese testified he administered field sobriety testing to [Appellant].

Officer Canzanese testified to his training in standardized field sobriety testing and to his experience in the administration of these tests. Officer Canzanese testified he administered the horizontal gaze nystagmus test to [Appellant]. Despite the officer giving [Appellant] specific instructions she was to follow during the test, [Appellant] was unable to "keep her head straight and still as instructed," and Officer Canzanese was "unable to get any read on her eyeballs." The officer testified [Appellant's] failure to follow the instructions is a sign of impairment.

Officer Canzanese next administered the walk and turn test. Officer Canzanese gave [Appellant] the verbal instructions for the walk and turn test and then administered the test. The officer testified [Appellant] failed to meet heel to toe on her first nine steps and did not perform her walk and turn. In addition,

Appellant began the walk and turn test before Canzanese advised her to begin.

Officer Canzanese then administered the one-leg stand test. The officer gave [Appellant] verbal instructions for this test. Again, Appellant began this test before Officer Canzanese advised [Appellant] to begin. Officer Canzanese testified [Appellant] "was read the DL-26 form in its entirety, verbatim, and did not consent."

Officer Canzanese testified, based on his observations, "[Appellant] was under the influence of alcohol." Officer Canzanese further testified, "Due to [Appellant's] performance in field sobriety testing, I would determine that she was not safe to operate a vehicle." Officer Canzanese did place [Appellant] under arrest and she] was transported to the police station where she was searched incident to arrest. During this search, the identification card and house keys of Eric Johnson were recovered.

Trial court opinion, 10/2/25 at 4-7 (citations omitted).

Appellant was subsequently arrested in connection with this incident on October 27, 2022. Appellant waived her right to a jury and proceeded to a bench trial before the Honorable G. Michael Green on June 30, 2023. As noted, Appellant was found guilty of DUI and sentenced to six months' probation and a $300 fine on April 14, 2025. Appellant did not file any post-sentence motions. This timely appeal followed on May 9, 2025.[2]

Appellant raises the following issues for our review:

1. Whether there is insufficient evidence to sustain the verdict of guilty for the charge of [DUI] where the Commonwealth failed to establish

_____

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925(b).

- 3 -

beyond a reasonable doubt that the offense of [DUI] occurred on a "highway" or "trafficway" as required by the [Motor] Vehicle Code in that there is no evidence of record regarding whether the parking lot was open to the public?

2. Whether there is insufficient evidence to sustain the verdict of guilty for the charge of [DUI] because the Commonwealth failed to establish beyond a reasonable doubt that [Appellant] imbibed alcohol or that she was incapable of safely driving, operating or being in actual physical control of the movement of the vehicle?

Appellant's brief at 4.

Both of Appellant's issues on appeal challenge whether the Commonwealth presented sufficient evidence to sustain her conviction for DUI under Section 3802(a)(1) of the Motor Vehicle Code ("MVC"). *Id.* at 11-18.

In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Thomas*, 988 A.2d 669, 670 (Pa.Super. 2009) (citations omitted), *appeal denied*, 4 A.3d 1054 (Pa. 2010).

A person will be found guilty of DUI – general impairment if they are found to have driven, operated or to have been in actual physical control of the movement of a vehicle "after imbibing a sufficient amount of alcohol such

- 4 -

that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle."  75 Pa.C.S.A. § 3802(a)(1).

Viewing the evidence in the light most favorable to the Commonwealth, the verdict winner, we find that there was ample evidence to sustain Appellant's conviction for DUI under Section 3802(a)(1).  Contrary to Appellant's contention, the evidence presented by the Commonwealth, together with all reasonable inferences derived therefrom, clearly established that Appellant drove or operated her vehicle on a "trafficway" as required by the MVC.  A "trafficway" is defined as "[t]he entire width between property lines or other boundary lines of every way or place of which any part is **open to the public** for purposes of vehicular travel as a matter of right or custom." 75 Pa.C.S.A. § 102 (emphasis added).

At trial, Corporal Van Horn testified that on the evening of October 27, 2022, he observed Appellant operating a vehicle in the parking lot of Upland Shopping Center and drive directly past a retail fireworks store in the direction of 24th Street.  Notes of testimony, 6/30/23 at 20, 26-27.  There was no evidence presented at trial that Appellant had transversed any gates or other barriers or that the Upland Shopping Center parking lot was not otherwise open to the public.  This Court has recognized that an individual's operation of a vehicle in a publicly accessible shopping mall parking lot constitutes operation on a "trafficway."  ***See Commonwealth v. Cravener***, 344 A.3d

370, 382 (Pa.Super. 2025), *appeal denied*, 2026 WL 1218698 (Pa. May 5, 2026), *citing Commonwealth v. Proctor*, 625 A.2d 1221, 1224 (Pa.Super. 1993), *appeal denied*, 634 A.2d 223 (Pa. 1993).

The record further establishes that the Commonwealth presented sufficient evidence for the trial court, sitting as factfinder, to conclude that Appellant imbibed a sufficient amount of alcohol such that she was incapable of safely driving or operating her vehicle. Corporal Van Horn testified that after he stopped Appellant's vehicle on the evening in question, he detected "a strong odor of an alcoholic beverage" emanating from the vehicle. Notes of testimony, 6/30/23 at 18, 33. Corporal Van Horn further noted that he asked Appellant if she had been drinking, and she indicated that she had. *Id.* at 20, 28.

Additionally, Officer Canzanese testified that after arriving at the traffic stop, he observed that Appellant had red eyes, slurred speech, and smelled of alcohol. *Id.* at 36-38. Officer Canzanese administered multiple standardized field sobriety tests to Appellant, but she had trouble following instructions, failed to complete some of the tests, and performed inconsistently. *Id.* at 39-41. Officer Canzanese opined that – based upon his DUI training with the Pennsylvania State Police and his observations of Appellant – that her behavior was indicative of someone who "was under the influence of alcohol" and "not safe to operate a vehicle," and placed her under arrest. *Id.* at 37, 42.

Based on the foregoing, we agree with the trial court, sitting as factfinder, that there was sufficient evidence presented at trial to sustain Appellant's conviction for DUI. Appellant's claim to the contrary is without merit. Accordingly, we affirm the April 14, 2025 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/9/2026