J-S38041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT JILES | : | |
| | : | |
| Appellant | : | No. 3051 EDA 2023 |

Appeal from the Judgment of Sentence Entered July 12, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003835-2022

BEFORE:   STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 19, 2024**

Robert Jiles appeals from the July 12, 2023 aggregate judgment of sentence of life imprisonment without the possibility of parole imposed after a jury found him guilty of first-degree murder, robbery, firearms not to be carried without a license, carrying a firearm on public streets in Philadelphia, and possessing an instrument of crime.[1]  After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts of this case as follows:

> On November 16, 2021, [Appellant] walked into Any Checks Cashed, co-owned by the victim, 67 year old Aruna Mittal [(hereinafter "victim")], and shot her two times, once in the chest and once in the head.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(b), 3701(a)(1)(i), 6106, 6108, and 907(a), respectively.

Prior to the shooting, video evidence from trial showed [the victim] leaving the front entrance of her store, Any Checks Cashed to mail a letter. Upon her return, Appellant walks through the front door of the store. As [the victim] opens the security door that leads to the employee side of the store, [Appellant] rushes up to her and forces his way behind her. As he is approaching [the victim], Appellant puts his hand into his right pocket and pulls out a gun. Appellant then grabs [the victim] by the wrist pointing the gun at her. [The victim] attempts to get away but struggles as Appellant is pulling on her jacket and putting his arm around her neck. Appellant pushes her onto the desk and eventually pushes [the victim] into the security door where he shoots her twice, once in the head and once in the left chest, both at close range as he holds her in a headlock. [Appellant] then rummages through the back of the store and through [the victim's] purse, taking money and eventually leaving the store.

This video evidence shown at trial by the Commonwealth is not only clear but also shows several different angles of the store which corroborate both the identity of the Appellant, as well as the murder that took place on November 16, 2021.

Around 1:00[p.m.] that day, Officer Ivene Bennett responded to the scene after a 911 call was made. He was the first to arrive on scene. When he entered the store, he observed disarray. Officer Bennett waited for a second unit to arrive. Upon their arrival, he checked behind the security door that was unlocked and discovered [the victim] laying on her side, with her shirt over her head and her bra exposed. She had no pulse and was pronounced dead at the scene.

Doctor Julia De La Garza-Jordan, Associate Medical Examiner for the City of Philadelphia, testified that [the victim's] cause of death was multiple gunshot wounds, and the manner of death was homicide. Dr. De La Garza-Jordan noted during trial that the gunshot to [the victim's] chest resulted in a fracture to her left clavicle, which caused a soft tissue

hemorrhage. Additionally, the gunshot wound to [the victim's] head caused [the victim] to suffer from a pulpified brain. This means that the projectile, as it went through her brain, crushed it. As a result, [the victim] died within seconds.

Trial court opinion, 1/4/24 at 3-4 (citations omitted).

Appellant was arrested on November 18, 2021 and charged with first-degree murder, robbery, and related offenses. On July 10, 2023, Appellant proceeded to a jury trial before the Honorable Diana L. Anhalt and was subsequently found guilty of the aforementioned offenses. On July 12, 2023, the trial court sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole. On July 21, 2023, Appellant filed a timely post-sentence motion which was denied by operation of law on November 21, 2023. This timely appeal followed.[2]

Appellant raises the following issues for our review:

I. Whether the adjudication of guilt for first-degree murder is against the weight of the evidence and shocking to one's sense of justice where [Appellant] shot the victim during the course of a struggle in a robbery and not as a result of [Appellant] possessing the specific intent to kill that is necessary for a conviction for first-degree murder?

II. Whether the adjudication of guilt for murder in the first degree is based upon insufficient evidence where the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] possessed the requisite mental state for first degree murder as [Appellant's] true

_____

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

> intent was to subdue the victim during the course of a robbery and not to specifically kill her?

Appellant's brief at 6.

Appellant first argues that the verdict for first-degree murder was against the weight of the evidence because it is "shocking to one's sense of justice" for the jury to conclude that he possessed the specific intent to kill the victim. *Id.* at 13-14. Appellant avers that he only intended "to subdue the victim so that he could complete [the robbery]." *Id.*

This Court has recognized that "a true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Miller*, 172 A.3d 632, 643 (Pa.Super. 2017) (citation omitted), *appeal denied*, 183 A.3d 970 (Pa. 2018). "An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Galvin*, 985 A.2d 783, 793 (Pa. 2009) (citation omitted), *cert. denied*, 559 U.S. 1051 (2010).

> [W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Shaffer*, 40 A.3d 1250, 1253 (Pa.Super. 2012) (citation omitted).

Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[,] [t]he term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations and emphasis omitted).

Upon review, we find that the trial court properly exercised its discretion in concluding that the jury's verdict was not against the weight of the evidence. *See* trial court opinion, 1/4/24 at 4-6. "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence."

- 5 -

*Commonwealth v. Andrulewicz*, 911 A.2d 162, 165 (Pa.Super. 2006) (citation omitted), *appeal denied*, 926 A.2d 972 (Pa. 2007).

Here, the jury heard ample evidence at trial that Appellant shot the victim in her head and chest during the course of a robbery, resulting in her death. Dr. Garza-Jordan, the Associate Medical Examiner for the City of Philadelphia, testified that the victim's cause of death was multiple gunshot wounds and that both of the shots were independently fatal: the gunshot to the victim's head killed her within seconds, and the gunshot to her chest would have killed her within an hour. *See* notes of testimony, 7/11/23 at 103-107. The jury also had the benefit of viewing a security camara video that unequivocally depicted Appellant's 34-second struggle with the victim in the interior doorway of her business, before he ultimately shot her point blank in the chest and head while holding her in a headlock. *See* Commonwealth's Exhibit C-20; *see also* notes of testimony, 7/11/23 at 125-133. The jury clearly found the testimony and evidence presented by the Commonwealth at trial credible, and elected not to believe Appellant's version of the events. We are precluded from reweighing the evidence and substituting our judgment for that of the factfinder. *Clay*, 64 A.3d at 1055. Accordingly, Appellant's weight claim must fail.

Appellant next argues that there was insufficient evidence to sustain his conviction for first-degree murder because the Commonwealth failed to prove

that he possessed the requisite specific intent to kill the victim. Appellant's brief at 14-15. This claim is belied by the record.

Our standard of review in evaluating a challenge to the sufficiency of the evidence is as follows:

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Thomas*, 988 A.2d 669, 670 (Pa.Super. 2009) (citations omitted), *appeal denied*, 4 A.3d 1054 (Pa. 2010).

First-degree murder is an intentional killing, which is defined as a "willful, deliberate and premeditated killing." 18 Pa.C.S.A. § 2502(a), (d). "To obtain a first-degree murder conviction, the Commonwealth must demonstrate that a human being was unlawfully killed, the defendant perpetrated the killing, and that the defendant acted with malice and a specific intent to kill." *Commonwealth v. Burno*, 94 A.3d 956, 969 (Pa. 2014) (citation omitted), *cert. denied*, 574 U.S. 1193 (2015).

The "[s]pecific intent to kill can be established through circumstantial evidence, such as the use of a deadly weapon on a vital part of the victim's

body[.]" ***Commonwealth v. Jacoby***, 170 A.3d 1065, 1076 (Pa. 2017) (citation omitted), ***cert. denied***, ___ U.S. ___, 139 S.Ct. 58 (2018).

As discussed above, it is undisputed that during the course of a robbery, Appellant shot the victim point blank in vital parts of her body – once in the head and once in the chest – at very close range, killing her. ***See*** notes of testimony, 7/11/23 at 103-107, 125-133. Courts in this Commonwealth have long-recognized that an appellant's use of a deadly weapon on a vital part of a victim's body is "sufficient to allow the jury to infer that Appellant acted with malice and the specific intent to kill." ***Commonwealth v. Anderson***, 323 A.3d 744, 754 (Pa. 2024) (citation omitted); ***see also Jacoby***, 170 A.3d at 1076. Based on the foregoing, we discern no error on the part of the trial court in concluding that the Commonwealth presented sufficient evidence to sustain Appellant's conviction for first-degree murder.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2024