J-S35044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE DYRAL CRIDDELL | : | |
| | : | |
| Appellant | : | No. 1197 MDA 2023 |

Appeal from the Judgment of Sentence Entered August 24, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002158-2021

BEFORE: PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: DECEMBER 23, 2024**

Appellant, Bruce Dyral Criddell, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas, following his jury trial conviction for persons not to possess firearms.[1] We affirm.

The relevant facts and procedural history of this case are as follows. The Commonwealth charged Appellant with persons not to possess firearms in connection with a shooting that occurred on May 1, 2021 at Penn Street Tavern. A jury trial commenced on July 17, 2023. Cynthia Fontanez testified that she was working as a bartender at Penn Street Tavern on May 1, 2021. While she was working, Ms. Fontanez heard a man yell profanities, which caused her to look up from what she was doing. She saw Appellant pull a gun from the right side of his waistband and fire three or four shots. Ms. Fontanez

_____

[1] 18 Pa.C.S.A. § 6105(a).

was only a few feet away from Appellant when this occurred. Ms. Fontanez identified Appellant as the shooter. She recognized Appellant because she lived on the same block as Appellant for many years, and she had known Appellant for approximately 30 years at that point. After the shooting, Appellant fled from the bar through the back door.

Officer Barry Lust testified that he recovered three .22 caliber shell casings from inside the bar. He further acquired surveillance footage from Penn Street Tavern, which the Commonwealth presented to the jury. The surveillance footage corroborated Ms. Fontanez's testimony and showed that patrons began to flee when several shots went off in the bar. Additionally, the parties entered a stipulation that Appellant had previous convictions for aggravated assault and burglary, which made him ineligible to possess a firearm on the date in question.

On July 18, 2023, the jury convicted Appellant of persons not to possess firearms. The court sentenced Appellant to 8½ to 20 years' incarceration on August 24, 2023. That same day, Appellant timely filed a notice of appeal. Appellant's counsel was permitted to withdraw on August 29, 2023. On September 28, 2023, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied on October 18, 2023. On March 31, 2024, this Court remanded the case to the trial court for a period of 30 days to determine whether Appellant's counsel abandoned Appellant on appeal. On May 16, 2024, the trial court appointed new counsel for Appellant.

Appellant raises the following issue for our review:

Whether the trial evidence was insufficient to sustain the conviction for 18 Pa.C.S.A. § 6105, Possession of Firearm Prohibited, because [Appellant] was not proven to have actually been in possession of a firearm?

(Appellant's Brief at 4).[2]

Appellant asserts that the definition of "firearm" requires the Commonwealth to demonstrate that the pistol, revolver or shotgun in question has certain barrel lengths, to be determined by measuring from the muzzle of the barrel to the face of the closed action, bolt or cylinder.[3]  Appellant contends

_____

[2] Although Appellant includes another issue challenging the discretionary aspects of sentencing in his statement of questions presented on appeal, he concedes on appeal that the issue is waived for failing to file a post-sentence motion, and he does not further develop any argument concerning that claim. It appears that appellate counsel included the issue in the statement of questions presented simply because prior counsel had included it in Appellant's Rule 1925(b) statement.  As Appellant presents no meaningful argument on the sentencing challenge, we deem it abandoned on appeal and will not discuss it further.

[3] Section 6102 provides in relevant part as follows:

Subject to additional definitions contained in subsequent provisions of this subchapter which are applicable to specific provisions of this subchapter, the following words and phrases, when used in this subchapter shall have, unless the context clearly indicates otherwise, the meanings given to them in this section:

*    *    *

**"Firearm."**  Any pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16

*(Footnote Continued Next Page)*

that the Commonwealth failed to present any evidence about the barrel length

of the gun Appellant possessed to meet the specific definition of firearm as set

forth in Section 6102.  Consequently, Appellant concludes that the evidence

was insufficient to sustain Appellant's conviction for persons not to possess a

firearm, and this Court should vacate his judgment of sentence.  We disagree.

In reviewing a challenge to the sufficiency of the evidence, our standard

of review is as follows:

> As a general matter, our standard of review of sufficiency
> claims requires that we evaluate the record in the light most
> favorable to the verdict winner giving the prosecution the
> benefit of all reasonable inferences to be drawn from the
> evidence.  Evidence will be deemed sufficient to support the
> verdict when it establishes each material element of the
> crime charged and the commission thereof by the accused,
> beyond    a    reasonable    doubt.        Nevertheless,    the
> Commonwealth need not establish guilt to a mathematical
> certainty.  Any doubt about the defendant's guilt is to be
> resolved by the fact finder unless the evidence is so weak
> and inconclusive that, as a matter of law, no probability of
> fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of
> wholly circumstantial evidence.  Accordingly, [t]he fact that
> the evidence establishing a defendant's participation in a
> crime is circumstantial does not preclude a conviction where
> the evidence coupled with the reasonable inferences drawn

---

inches, or any pistol, revolver, rifle or shotgun with an
overall length of less than 26 inches.  The barrel length of a
firearm shall be determined by measuring from the muzzle
of the barrel to the face of the closed action, bolt or cylinder,
whichever is applicable.

*    *    *

18 Pa.C.S.A. § 6102.

therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa.Super. 2019)

(quoting *Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa.Super.

2013)).

The Uniform Firearms Act provides, in relevant part, as follows:

**§ 6105.  Persons not to possess, use, manufacture, control, sell or transfer firearms**

**(a) Offense defined.—**

(1)   A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

\*   \*   \*

**(i) Firearm.—**As used in this section only, the term "firearm" shall include any weapons which are designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon.

\*   \*   \*

18 Pa.C.S.A. § 6105(a).

Under Section 6105, "an individual is subject to criminal prosecution if

- 5 -

he unlawfully possesses: (1) any weapon that is specifically designed to or may readily be converted to expel a projectile by means of an explosive; or (2) the frame or receiver of such a weapon." **Commonwealth v. Thomas**, 988 A.2d 669, 671-72 (Pa.Super. 2009), *appeal denied*, 607 Pa. 704, 4 A.3d 1054 (2010) (stating that definition of firearm in Section 6105 replaced prior statutory language with narrower definition of firearm specifying certain barrel lengths).   The statute further "does not require proof that the weapon was capable of expelling a projectile when it was seized[.]" **Id.**   Additionally, a witness' testimony alone is sufficient to prove that a defendant possessed a firearm.   **See, e.g., Commonwealth v. Antidormi**, 84 A.3d 736, 757 (Pa.Super. 2014), *appeal denied*, 626 Pa. 681, 95 A.3d 275 (2014) (determining witness' testimony alone was sufficient evidence to prove possession element under Section 6105(a)(1)).

Instantly, the parties stipulated that Appellant had previously been convicted of a crime which made him ineligible to possess a firearm under Section 6105.  Additionally, Ms. Fontanez testified that she saw Appellant pull out and fire a gun at Penn Street Tavern.  Ms. Fontanez's testimony was corroborated by the surveillance footage which showed shots being fired inside the bar.  Further, Officer Lust testified that he recovered three .22 caliber shell casings from inside the bar.   Contrary to Appellant's assertion, the Commonwealth was not required to present any evidence of the weapon's barrel length to meet the statutory definition of firearm under Section 6105.

***See Thomas, supra***.   Viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence was sufficient to sustain Appellant's conviction, and we affirm the judgment of sentence.   ***See Sebolka, supra***.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/23/2024