J-S22037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
NICHOLAS BRIAN SHULTZ :
:
Appellant : No. 1506 MDA 2024

Appeal from the Judgment of Sentence Entered July 17, 2024
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001288-2020

BEFORE: LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: AUGUST 5, 2025**

Nicholas Brian Shultz appeals from the July 17, 2024 aggregate

judgment of sentence of 6½ to 13 years' imprisonment, followed by 1 year

probation, imposed after he was found guilty in a bench trial of aggravated

assault, simple assault, and recklessly endangering another person (REAP).[1]

After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts of this case as follows:

> [Harley] Henderson was the first Commonwealth
> witness to testify. She testified that she had been in a
> relationship with [Appellant] from early August 2019
> until early February 2020. At 5:30 A.M. on February
> 26, 2020, Ms. Henderson texted [Appellant] to bring
> her the extra key to a jointly owned vehicle because
> her key had been taken from her. [Appellant] picked

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), and 2705, respectively.

her up in front of her mother's house at approximately 6:30 A.M. After Ms. Henderson got in the vehicle, the two started arguing and [Appellant's] driving became erratic, including speeding and swerving his pickup truck. At one point Ms. Henderson got out of the truck, but got back in after [Appellant] informed her he would take her home.

Once Ms. Henderson returned to the vehicle, [Appellant] continued driving erratically. Ms. Henderson told [Appellant] that she wanted to get out of the truck and opened the door, but [Appellant] did not stop to let her out. In fact, when Ms. Henderson opened the door, [Appellant] jerked the truck. [Appellant] kept driving, and when he stopped at a stop sign, Ms. Henderson again told [Appellant] to let her out. [Appellant] told her to "get the f[**]k out" and as Ms. Henderson turned to get out of the vehicle [Appellant] hit the gas, causing her to fall from the vehicle and under the tire. During Ms. Henderson's testimony the Commonwealth entered more exhibits into evidence including photos of Ms. Henderson's injuries, text messages between Ms. Henderson and [Appellant], and text messages between Ms. Henderson and [Catherine] Coale.

Next, the Commonwealth presented the testimony of Ms. Coale. Ms. Coale testified that around 5:00 A.M. on February 26, 2020, Ms. Henderson asked Ms. Coale to pick her up because Ms. Henderson couldn't get into her vehicle. Ms. Coale testified that she arrived at the agreed meeting spot but Ms. Henderson did not meet her there, and instead Ms. Coale saw Ms. Henderson get into [Appellant's] pickup. After that Ms. Henderson messaged Ms. Coale and asked her to follow [Appellant's] vehicle, which she did. Ms. Coale observed [Appellant] to be speeding and saw the passenger door opening and closing repeatedly. Ms. Coale saw [Appellant's] pickup stop at a stop sign, the passenger door open, and Ms. Henderson fall from the vehicle when [Appellant] made a fast right turn. At the conclusion of Ms. Coale's direct examination, the Commonwealth offered Ms. Coale's statement to the police into evidence. There was no objection by

[Appellant] and the exhibit was admitted as Commonwealth's Exhibit 13.

Finally, the Commonwealth presented the testimony of [Washington Township Police] Officer [Michael] Brennan. He testified that he responded to an incident around 6:50 A.M. on February 26, 2020, and at the scene he talked to Ms. Henderson. He later talked to [Appellant] and received a written statement from him. [Appellant's] written statement was admitted as Commonwealth Exhibit 14. In his written statement [Appellant] admits that whenever Ms. Henderson would open her door he would speed up and swerve the vehicle because he believed those actions would keep Ms. Henderson in the vehicle.

[Appellant] testified on his own behalf. He testified that on the morning of February 26, 2020, Ms. Henderson reached out asking him about the extra key to a vehicle they jointly owned. When he picked up Ms. Henderson they started arguing. [Appellant] became frustrated with the situation and started speeding. Ms. Henderson informed him that she wanted out of the vehicle, and tried to get out of the vehicle by opening the door three or four times. When Ms. Henderson would open her door, [Appellant] would s[w]erve the vehicle to shut the door so she wouldn't fall out.

Trial court opinion, 12/9/24 at 4-6 (citations and footnote omitted).

As a result of this incident, Henderson sustained a broken ulna and broken humerus in her left arm, as well as multiple brush burns on her backside. Notes of testimony, 6/12/24 at 25-26. On March 4, 2020, Appellant was charged with aggravated assault, simple assault, and REAP. Following several continuances, Appellant waived his right to a jury and proceeded to a bench trial before the Honorable Angela R. Krom on June 12, 2024. Following a one-day trial, Appellant was found guilty of the aforementioned offenses.

As noted, Appellant was sentenced to 6½ to 13 years' imprisonment, followed by 1 year probation, on July 17, 2024. On July 25, 2024, Appellant filed a post-sentence motion that sought modification of his sentence. ***See*** Post-Sentence "Motion for Modification of Sentence," 7/25/24 at 2. The trial court denied Appellant's post-sentence motion on September 19, 2024. This timely appeal followed on October 15, 2024.[2]

Appellant raises the following issue for our review:

1. Whether [Appellant's] convictions were against the weight of the evidence because the verdict was contrary to the evidence presented at trial?

2. Whether the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] acted recklessly regarding Ms. Henderson's safety, which is an essential element of [Appellant's] charges?

3. Whether the trial court erred in finding [Appellant] acted recklessly regarding Ms. Henderson's safety, which led to the trial court's verdict, when it was Ms. Henderson who acted recklessly regarding her own safety?

Appellant's brief at 6 (extraneous capitalization omitted).

For the ease of our discussion, we have elected to address Appellant's claims in a slightly different order than presented in his appellate brief; additionally, some of Appellant's claims will be addressed simultaneously.

## I. Sufficiency of the Evidence

---

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

- 4 -

Appellant first argues that there was insufficient evidence to sustain his convictions because "the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] acted recklessly regarding Ms. Henderson's safety…." *Id.* at 10-11.

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Thomas*, 988 A.2d 669, 670 (Pa.Super. 2009) (citations omitted), *appeal denied*, 4 A.3d 1054 (Pa. 2010).

A person will be found guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1). To sustain a conviction for REAP, the Commonwealth must prove that a defendant "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705.

The Crimes Code defines recklessness as follows:

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering

the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(3).

Likewise, a person will be found guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S.A. § 2702(a)(1).

The Crimes Code defines "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. "When a victim actually sustains serious bodily injury, the Commonwealth can, but does not necessarily have to, establish specific intent to cause such harm." *Commonwealth v. Burton*, 2 A.3d 598, 602 (Pa.Super. 2010) (*en banc*), *appeal denied*, 32 A.3d 1275 (Pa. 2011). "[T]he statute's intent requirement can be met if the defendant acts recklessly under circumstances manifesting an extreme indifference to human life." *Id.* "[F]or the degree of recklessness contained in the aggravated assault statute to occur, the offensive act must be performed under circumstances which almost assure that injury or death will ensue." *Commonwealth v. Packer*, 168 A.3d 161, 170 (Pa. 2017) (citation omitted).

In other words, the Commonwealth is required to prove that Appellant "consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily harm. This state of mind may be inferred from conduct, recklessness of consequences, or the cruelty of the crime." *Commonwealth v. Payne*, 868 A.2d 1257, 1261 (Pa.Super. 2005) (citations and internal quotation marks omitted), *appeal denied*, 877 A.2d 461 (Pa. 2005).

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we find that there was ample evidence to establish that Appellant acted recklessly with regard to Henderson's safety on the day in question. *See* trial court opinion, 12/9/24 at 7-12. The testimony at trial established that after Henderson entered Appellant's truck, he began to drive erratically, speed, and swerve and "jerk the wheel" despite multiple indications from Henderson that she desired to exit. Notes of testimony, 6/12/24 at 15-16, 19-21, 59-60, 79, 89. The record further demonstrates that Appellant then ordered Henderson out of his truck when he was stopped at a stop sign facing up a hill. *Id.* at 22. As Henderson was attempting to exit the truck, Appellant accelerated quickly and made a full right turn, causing her to fall out of the door and get run over by the truck's wheel. *Id.* at 22-23, 60. It is reasonable to conclude that such reckless conduct created an extremely high and substantial risk of death or serious bodily injury. Indeed, Henderson suffered two broken bones in her left arm as a result of this

incident. *Id.* at 24-26. Accordingly, Appellant's sufficiency claim merits no relief.

## II. Weight of the Evidence

Appellant next argues that the verdict was against the weight of the evidence. Appellant's brief at 9. In support of this contention, Appellant conflates his sufficiency and weight claims and contends that because "it was Ms. Henderson who acted recklessly regarding her own safety" by opening and closing the vehicle's door multiple times, the trial court's findings are "clearly again the weight of the evidence." *Id.* at 10, 12.

"An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Galvin*, 985 A.2d 783, 793 (Pa. 2009) (citation omitted), *cert. denied*, 559 U.S. 1051 (2010). "[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Miller*, 172 A.3d 632, 643 (Pa.Super. 2017) (citation omitted), *appeal denied*, 183 A.3d 970 (Pa. 2018).

> [W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Shaffer*, 40 A.3d 1250, 1253 (Pa.Super. 2012) (citation omitted).

Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

. . . .

Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations and emphasis omitted).

It is well settled that in order to preserve a weight of the evidence claim for appeal, Appellant must raise it before the trial court "orally, on the record, at any time before sentencing; by written motion at any time before sentencing; or in a post-sentence motion." *See* Pa.R.Crim.P. 607(A) (numeration omitted). "Failure to properly preserve the [weight of the evidence] claim will result in waiver[.]" *Commonwealth v. Lofton*, 57 A.3d 1270, 1273 (Pa.Super. 2012) (citation omitted), *appeal denied*, 69 A.3d 601 (Pa. 2013).

Instantly, both the Commonwealth and the trial court correctly note that Appellant failed to raise his weight claim in a post-sentence motion or orally

before sentence was imposed. **See** Commonwealth's brief 6; trial court opinion, 12/9/24 at 14-15. Nonetheless, we construe Appellant's "Motion to Reconsider" as having preserved, albeit sparsely, his challenge to the weight of the evidence. **See** "Motion to Reconsider," 6/20/24 at ¶¶ 3-6. Accordingly, we proceed to address the merits of Appellant's weight claim.

Upon review, we find that the trial court properly exercised its discretion in concluding that the verdict was not against the weight of the evidence. "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." **Commonwealth v. Andrulewicz**, 911 A.2d 162, 165 (Pa.Super. 2006) (citation omitted), **appeal denied**, 926 A.2d 972 (Pa. 2007).

Here, the trial court, sitting as factfinder, found the testimony of the three Commonwealth witnesses in this matter – the victim Henderson; eyewitness Coale; and Officer Brennan – credible, and elected not to believe Appellant's version of the events. **See** trial court opinion, 12/9/24 at 15-16. The trial court noted that Appellant's inconsistent testimony at trial "cast[] serious doubt on [his] credibility," **see id.** at 7, and elected not to credit his contention that Henderson's conduct was the cause of her injuries:

> [W]e do not consider Ms. Henderson's actions of attempting to leave [Appellant's] vehicle while it is stopped at a stop sign to be reckless. We give little weight to [Appellant's] testimony that Ms. Henderson made no move to get out when he was stopped and only fell or jumped out only once he started moving. Both Ms. Henderson's and [Appellant's] testimony were clear that Ms. Henderson made multiple

- 10 -

attempts to leave [Appellant's] vehicle while it was moving and [Appellant's] testimony that she made no attempt to leave once the vehicle stopped is simply incredible.

*Id.* at 13.

Appellant essentially asks us to reassess the trial court's credibility determinations. We are precluded from reweighing the evidence and substituting our judgment for that of the factfinder. *Clay*, 64 A.3d at 1055. Accordingly, Appellant's weight claim must fail.

For all the foregoing reasons, we affirm the trial court's July 17, 2024 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/05/2025

- 11 -