J-S09043-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEN L. DANIELS | : | |
| | : | |
| Appellant | : | No. 1369 EDA 2025 |

Appeal from the Judgment of Sentence Entered February 20, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000414-2023

BEFORE:   MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED APRIL 16, 2026**

Allen L. Daniels appeals from the February 20, 2025 aggregate judgment of sentence of life imprisonment without the possibility of parole imposed after a jury found him guilty of first-degree murder, criminal conspiracy, carrying a firearm on a public street or public property in Philadelphia, and possession of an instrument of crime.[1]  After careful review, we affirm the judgment of sentence.[2]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a), 903(a)(1), 6108, and 907(a), respectively.

[2] Although Appellant purports to appeal, in part, from the trial court's May 20, 2025 order denying his post-sentence motion, the appeal properly lies from the judgment of sentence.  **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (**en banc**) (citation omitted), **appeal denied**,
*(Footnote Continued Next Page)*

The trial court summarized the relevant facts of this case as follows:

> On August 17, 2022, at approximately 10 p.m., Philadelphia police officers heard multiple gunshots in the area of 40th Street and Lancaster Avenue in Philadelphia. After hearing the gunshots, police surveyed the area and located the decedent, Umar Singletary, lying outside of Young's Deli at 4048 Lancaster Avenue suffering from multiple gunshot wounds. Police transported Mr. Singletary to Penn Presbyterian Hospital, where he was pronounced dead that same night. Philadelphia Assistant Medical Examiner Dr. Victoria Sorokin determined that Mr. Singletary's cause of death was a gunshot wound that entered Mr. Singletary's back, passed through his torso, and exited his neck. He was also shot through his left leg. The manner of death was homicide.
>
> Upon investigation, police obtained video surveillance that captured the murder. Specifically, video showed that an unknown man, dressed in black clothing and wearing a head covering (hereafter, the "codefendant"), approached a group of people in front of Young's Deli at 9:55 p.m. As soon as the codefendant approached the group, he raised his left hand and pointed a gun towards a woman in the group. As the codefendant raised his gun, Mr. Singletary, who was also in the group of people, charged towards the man and the pair got into a physical altercation. During the altercation, Mr. Singletary knocked the gun out of the codefendant's hand and onto the sidewalk. As Mr. Singletary picked the gun up off the sidewalk, the co-defendant ran away.
>
> At that same time, [Appellant], who was seen on surveillance video with the co-defendant prior to the murder, was waiting by the side of the deli. As Mr. Singletary picked up the co-defendant's gun and

800 A.2d 932 (Pa. 2002) ("In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions.").

began to pursue him, [Appellant] ran towards Mr. Singletary, pulled out his own gun, and fired multiple shots at Mr. Singletary. As [Appellant] continued to shoot, Mr. Singletary attempted to run behind a car parked in front of the deli before collapsing. [Appellant] then fled the scene in the same direction as the codefendant.

Trial court opinion, 8/8/25 at 2-4 (citations omitted).

Appellant was subsequently arrested in connection with this incident and proceeded to a jury trial before the Honorable Glenn B. Bronson on February 18, 2025. Following a three-day trial, Appellant was found guilty of the aforementioned offenses on February 20, 2025. That same day, the trial court sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole. On February 23, 2025, Appellant filed a timely post-sentence motion challenging the weight and sufficiency of the evidence. The trial court ultimately denied Appellant's post-sentence motion on May 20, 2025. This timely appeal followed on June 1, 2025.[3]

Appellant raises the following issues for our review:

I. Whether the adjudication of guilt for murder in the first degree and conspiracy is against the weight of the evidence and shocking to one's sense of justice; (1) where the Appellant cooperated with police and denied his involvement in shooting and killing the decedent, (2) where the lone identifying witness could not identify the Appellant as one of the masked gunman, (3) where the video of the shooting was not clear enough to identify the Appellant, (4) where there was no flight or

_____

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

concealment, (5) where the Commonwealth did not procure the Appellant's phone records to corroborate the phone activity alleged to him moments before the shooting, (6) where the video of the occurrence plainly establishes that the perpetrator alleged to be the Appellant shot the victim in response to the victim chasing and attempting to shoot the fleeing unidentified co-defendant, and (7) where the video demonstrates an absence of the malice required for first degree murder as the shooter was responding to a reasonable or unreasonable belief that his use of deadly force was necessary for the protection of another?

II.    Whether the adjudication of guilt for murder in the first degree and conspiracy is based upon insufficient evidence where the Commonwealth failed to prove beyond a reasonable doubt that the Appellant individually possessed the requisite mental state for first degree murder and where, even after giving the Commonwealth the benefit of all inferences, the inferences derived from the direct and circumstantial evidence presented at the Appellant's trial that he shared the specific intent to kill are neither logical or warranted?

Appellant's brief at 6-7 (extraneous capitalization omitted).[4]

Appellant first argues that the Commonwealth presented insufficient evidence to sustain his convictions for first-degree murder and criminal conspiracy. *Id.* at 16-18.

In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as

_____

[4] For the ease of our discussion, we have elected to address Appellant's claims in a different order than presented in his appellate brief.

verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Thomas*, 988 A.2d 669, 670 (Pa.Super. 2009) (citations omitted), *appeal denied*, 4 A.3d 1054 (Pa. 2010).

Prior to our consideration of the merits, we must first determine whether Appellant has properly preserved his sufficiency claim for appellate review. Pennsylvania Rule of Appellate Procedure 1925(b) provides, *inter alia*, that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P.1925(b)(4)(vii). It is well settled that,

[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, **an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient.** Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa.Super. 2013) (citations and internal quotation marks omitted; emphasis added); *see also Commonwealth v. LeClair*, 236 A.3d 71, 76 (Pa.Super. 2020) (same), *appeal denied*, 244 A.3d 1222 (Pa. 2021).

- 5 -

Here, our review establishes that Appellant's Rule 1925(b) statement makes no mention whatsoever of criminal conspiracy, let alone identifies any of the specific elements of that offense that the Commonwealth failed to prove. **See** Appellant's "[Rule] 1925(b) Statement," 6/7/25 at 1. Accordingly, Appellant has waived his challenge to the sufficiency of the evidence with regard to his criminal conspiracy conviction.

The crux of Appellant's remaining sufficiency argument is that the Commonwealth failed to prove that he was the individual that shot the victim, nor that he possessed the requisite "specific intent to kill," necessary to sustain a conviction for first-degree murder. **Id.** at ¶ 2; **see also** Appellant's brief at 15, 17. This claim is belied by the record.

First-degree murder is an intentional killing, which is defined as a "willful, deliberate and premeditated killing." 18 Pa.C.S.A. § 2502(a), (d). "To obtain a first-degree murder conviction, the Commonwealth must demonstrate that a human being was unlawfully killed, the defendant perpetrated the killing, and that the defendant acted with malice and a specific intent to kill." **Commonwealth v. Burno**, 94 A.3d 956, 969 (Pa. 2014) (citation omitted), **cert. denied**, 574 U.S. 1193 (2015). The "[s]pecific intent to kill can be established through circumstantial evidence, such as the use of a deadly weapon on a vital part of the victim's body[.]" **Commonwealth v. Jacoby**, 170 A.3d 1065, 1076 (Pa. 2017) (citation omitted), **cert. denied**, ___ U.S. ___, 139 S.Ct. 58 (2018).

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we find that there was ample evidence presented at trial for the jury to conclude that Appellant was the individual who shot the victim multiple times, resulting in his death. The record establishes that the jury had the benefit of viewing a surveillance camara video that depicted an individual in ripped jeans and a distinctive Sesame Street t-shirt under his jacket running towards the victim and firing multiple gunshots at him. Notes of testimony, 2/19/25 at 107-110; **see also** Commonwealth Exhibit C-84 (Compilation Video). Surveillance video in the area of the homicide also captured a dark green Buick LeSabre driving near the crime scene at approximately 8:51 p.m., which was the same car that Appellant owned and was ultimately arrested in after the murder. **Id.** at 7-8, 96, 99-103. Appellant's parole officer, Agent Francis Dragon,[5] identified Appellant as the individual in the surveillance video wearing the distinctive Sesame Street shirt and ripped jeans in the Lancaster Convenience Store less than 20 minutes before the murder. **Id.** at 64-65. Additionally, Appellant identified himself as the person wearing the Sesame Street t-shirt inside of convenience store, which was the same shirt that the shooter was seen wearing under his jacket. **Id.** 73-75, 98, 101.

---

[5] Agent Dragon was referred to as Appellant's "supervisor" during his trial so that the jury would not know that he was on parole at the time of the murder. Notes of testimony, 2/18/25 at 3-5.

The evidence presented at trial, viewed in the light most favorable to the Commonwealth as the verdict winner, also established that Appellant possessed the specific intent to kill the victim. The record establishes that after Appellant's cohort was disarmed by the victim, Appellant ran towards the victim and shot at him six times as he was running away. Notes of testimony, 2/19/25 at 50-51, 110-111. Dr. Sorokin, the Assistant Medical Examiner for the City of Philadelphia, testified that the victim's cause of death was a gunshot wound that entered the victim's back and exited his neck. Notes of testimony, 2/18/25 at 238-240. Dr. Sorkin further indicated that the fatal gunshot struck the victim's lung, trachea, and larynx before exiting his neck, all vital parts of the body. *Id.*

Courts in this Commonwealth have long-recognized that an appellant's use of a deadly weapon on a vital part of a victim's body is "sufficient to allow the jury to infer that Appellant acted with malice and the specific intent to kill." *Commonwealth v. Anderson*, 323 A.3d 744, 754 (Pa. 2024) (citation omitted), *cert. denied*, ___ U.S. ___, 145 S.Ct. 2823 (2025); *see also Jacoby*, 170 A.3d at 1076. Based on the foregoing, we discern no error on the part of the trial court in concluding that the Commonwealth presented sufficient evidence to sustain Appellant's conviction for first-degree murder.

Appellant also argues that the verdict was against the weight of the evidence. Appellant's brief at 14-15. "An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court."

*Commonwealth v. Galvin*, 985 A.2d 783, 793 (Pa. 2009) (citation omitted),

*cert. denied*, 559 U.S. 1051 (2010). "[A] true weight of the evidence

challenge concedes that sufficient evidence exists to sustain the verdict but

questions which evidence is to be believed." *Commonwealth v. Miller*, 172

A.3d 632, 643 (Pa.Super. 2017) (citation omitted), *appeal denied*, 183 A.3d

970 (Pa. 2018).

> [W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Shaffer*, 40 A.3d 1250, 1253 (Pa.Super. 2012) (citation

omitted).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> . . . .
>
> Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citations and emphasis omitted).

Instantly, we find that the trial court properly exercised its discretion in concluding that the verdict was not against the weight of the evidence. "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Commonwealth v. Andrulewicz***, 911 A.2d 162, 165 (Pa.Super. 2006) (citation omitted), ***appeal denied***, 926 A.2d 972 (Pa. 2007).

At trial, the Commonwealth presented the testimony of Philadelphia Police Officers John Birch, Joseph McCarthy, and Craig Perry; Firearms Identification Unit expert Khadijah Hogg; and Philadelphia Police Detective Edward Tolliver. The Commonwealth also presented, by stipulation, the testimony of Philadelphia Assistant Medical Examiner Dr. Sorokin and Parole Agent Dragon. Appellant, in turn, did not present any witnesses on his behalf. The jury, as factfinder, evidentially found the testimony of the Commonwealth witnesses credible, and elected not to believe Appellant's version of the events. Appellant essentially asks us to reassess the jury's credibility determinations. We are precluded from reweighing the evidence and substituting our judgment for that of the factfinder. ***Clay***, 64 A.3d at 1055. Accordingly, Appellant's weight claim must fail.

For all the foregoing reasons, we affirm the trial court's February 20, 2025 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/16/2026</u>